## J. Christler's Ex'or. and F. Christler's Trustee *vs* Meddis, Adm'r.

CHANCERY.

APPEAL FROM THE LOUISVILLE CHANCERY COURT.

*Case* 10.

*Will.    Tenant for life.    Remainder.    Convertion.*

CHIEF JUSTICE EWING delivered the opinion of the Court.

*Sept. 23.*

THE questions presented for the determination of the Court, in this case, involves the construction of the following will of Fielding Christler, deceased.

The case stated, and will of Jesse Christler.

"I, Fielding Christler, &c. do make and publish this as my last will and testament, viz: I will all my estate, both real, personal and mixed, in trust to my brother, Jesse Christler, and by him to be kept for the following purposes, to wit: 1st. That the farm upon which I now live, the Shirman place, and the hill land I bought of the Seatons, all my negro slaves except those hereafter named, my household furniture, and one half of my kitchen furniture, one half of my stock, corn, wheat, money, &c. to-be for the use and benefit of my wife Betsey, during her natural life.  2d. I will the farm I bought of Isaac Holt, my negro slaves Stephen, Peggy and Jane, one half of my stock, corn, wheat, &c. one half of my kitchen furniture, to be for the use and benefit of my daughter Nancy Noel.  3d. I will to my said trustee, my two lots in the City of Louisville, to be by him *sold at any time he may think best,* and one half of the money arising from the sale, to be given to my wife, to dispose of as she pleases, the other half to my daughter Nancy, to use as she pleases.   And it is my will, that the property willed above to my brother Jesse, in trust as aforesaid, shall

CHRISTLER'S EX-
ECUTOR, &C.
vs
MEDDIS, ADM'R.
remain under his control, or under the control of a successor of said trustee, to be appointed by the County Court of Jefferson county, during the life of my wife, and of my daughter Nancy Noel, and at the death of my wife, then the whole of the proceeds of the property to be for the use of my said daughter Nancy, during her life," with remainder to her children, in case she had any, who lived to the age of twenty-one years, or married, if not, then over to his brothers and sisters, and appointed his brother Jesse his executor, who afterwards qualified as such, and took on himself the duties of trustee. He delivered over to Betsy Christler, the household and kitchen furniture, valued at $260 50, and out door property, as it is termed, consisting of bee-hives, poultry, cows and calves, horses, fat hogs and wheat and corn, valued at $320 62¼ cents, and took her receipt for the same, with a covenant to pay for it if the will required it, if not, she received it as a part of the estate left her. The residue of the perishable estate was sold by the executor and trustee, which, with debts due, amounted to upwards of $1,600. The one half of the interest was offered to Betsy Christler and to Meddis, the complainant below, with whom she intermarried, but they refused to receive it. A portion of the interest was paid to Nancy Noel and husband. The lots were not sold during the life of the widow of the decedent. Meddis, her second husband, after her death, having administered on her estate, filed this bill, praying a decree for the money or interest thereon, and proffering to return the articles of household and kitchen furniture and other articles received by his wife, in their *then* condition, and prayed a sale of the lot, and that the half of the money should be paid over to him. Frederick, with whom Nancy Noel intermarried, after the death of Noel, answered, making their answer a cross bill, and praying a construction of the will, and that the amount due them might be paid to them.

The executor and trustee, also answered, praying a construction of the will, and says, that he had not sold the lots, because he had not *thought it best to do so*, owing to scarcity of money, and the low price they would

command, being unimproved lots, and resists the sale at the time of his answer.

1st. As to the lots, as by the terms of the will, they were not to be sold until the *trustee should think it best to sell them,* and as he did not sell them during the life of the widow, *thinking it not best* to do so, they were not converted into personalty by the terms of the will, nor during her life, and her second husband and administrator, is not entitled to any interest in them. Real estate is converted into personalty, immediately on the death of the devisor, only where the direction to sell is positive, without limitation as to time, and without discretion on the part of those to whom the power to sell is delegated. If discretion is given, as in the case before us, the convertion does not take place until the sale is made.

2d. The wife and daughter were entitled absolutely, in the shares and proportions directed by the will, to the corn, wheat, and other provisions, the use of which consisted in their consumption, and so far as such articles were sold by the trustee, they or their representatives are entitled to the principal and accruing interest on the amount produced by the sale.

3d. They are entitled to the *use only* for life, of the land, slaves, household and kitchen furniture, stock, money and debts, and they or their representatives are entitled only to the interest upon such of the perishable articles as were not taken and used by them, but were sold by the trustee and executor; and to the interest only upon the money and debts collected, *Mountjoy and wife* vs *Lashbrook et al.* (8 *Dana*, 33).

And as to the household and kitchen furniture, stock, and other articles of perishable property, taken by the widow, and for which receipts were given, and covenants to return or pay their then value, if the will required it, she had a right to their prudent use, and her representative is only to account for and deliver over to the trustee and executor, such articles of the *original* stock as remain unconsumed, or have not been worn out by the use, in the condition they were at her death.

The decree of the Chancery Court is therefore revers-

CHRISTLER'S EXECUTOR, &c.
vs
MEDDIS, ADM'R.

Land devised to executors to be sold at their discretion, as to time, is not converted into money until it be sold.

A devise of personalty, corn, wheat, &c. which is intended for consumption, passes the absolute right thereto.

A devise of land and slaves for life, passes only the use, and so of furniture and stock, and such only of the original stock is to be surrendered to the remainder man as may not have been worn out by the use.

ed, and cause remanded, that further proceedings may be had, not inconsistent with this opinion.

*Pirtle* for appellants: *Guthrie* for appellee.