CASE 25—EQUITY—OCTOBER 23.

## Major, &c., v. Herndon, &c.

78  123]
f104 717|

APPEAL FROM ANDERSON CIRCUIT COURT.

1. The donee takes an absolute estate in things consumed in their use, as grain when given, though only for life or a specified term; but if they may or may not be consumed, as work stock, &c., and there is a bequest over, the ulterior legatee takes them as they are at the end of the particular estate.

2. The *increase* of the stock belongs to the owner of the particular estate.

3. If an absolute devise be qualified by words *clearly* indicating a desire by the testator that other parties should share in his bounty, the devisee will hold the property devised as *trustee* under the will.

4. The marriage of a widow, she being the trustee, terminates the trust, and vests absolutely the property in the children, to be divided under the will.

5. Judgment against the widow as administratrix *de bonis non*, with the will annexed, erroneous, she having fully administered the estate and holding as trustee.

THOS. C. BELL FOR APPELLANTS.

1. The court erred in rendering any judgment in favor of the administratrix *de bonis non*, with the will annexed, as there was no estate left to administer, the widow having administered on it, and taken it as trustee.

2. The marriage of the widow did not divest her of her right of possession.

3. She held the property subject only to maintaining and educating the children. She was entitled to the increase of the property. (Hill on Trustees, side page 71; Perry on Trusts, secs. 117, 118, pp. 91, 92; Leach v. Leach, 13 Summers, 304; Brown v. Paul, 1 Sumner (U. S.) 92; Carr v. Living, 28 Beavan, 644; Hora v. Hora, 33 Beavan, 88; Hammond v. Maine, 1 Scranton, 35; Baker, &c., v. Red, 4 Dana, 158, 165; Henderson v. Hayne, 2 Met., 343.)

4. Mrs. Major was only chargeable with original stock. (4 Dana, p. 165; 6 B. M., 37.)

5. She was entitled to such property as was consumed in the use of it. (6 J. J. Marshall, page 154.)

JOHN DRAFFIN FOR APPELLANTS.

1. The widow is not chargeable with articles consumed, and is entitled to increase. (6 J. J. Marshall, 148; 3 Vesey, 311; 5 Johnson's Chancery Reports; 6 J. J. Marshall, 154; 1 Bush, p. 80; 8 B. Mon., 97; Story's Equity, 330, sec. 1069, note 2.)

2. If the disposition of property be absolute, there is no trust. (Story, 331, paragraph 1070; 2 Redfield, 413; Watts' Law Reports, 4 Equity, 151.)

J. & J. W. RODMAN FOR APPELLANTS.

The language used by testator is not sufficient to create a trust. For words necessary to create a trust see Loring v. Loring, 100 Mass., page 340; Williams v. Hall, American Law Register, new series, vol. 10, page 466.

D. W. LINDSEY FOR APPELLEES.

1. The interest of the widow terminated with her marriage. (Vance and ux. v. Campbell's heirs, 1 Dana, 229; Coppage v. Alexander's heirs, 2 B. M., 314.)

2. The emblements on the farm became the property of appellees upon the marriage of the widow. (1 Bouvier's Law Dictionary, 466; 2d vol. Jacob's Law Dictionary, 375, title Emblements; 4th vol. Kent's. Com., side page 73, note 4.)

3. The language of the will imposed a *trust* upon the widow. (Redfield on the Law of Wills, pages 699, 700; also pages 703, 704, latter part of sec. 9; Jenkins v. Van Schook, 3 Paige, 242; Taylor v. Wendel, 4 Brad., 324; Bolten v. De Peyster, 25 Barb., 539; 28 Ibid, 653; 30. Barb., 373; 31 Ind., 158; 1 American Rep., 34; Hill on Trustees, side page, 65; Story's Equity Jurisprudence, sections 1068 and 1069;. chap. 6, secs. 12 and 17, p. 175, Redfield on Wills; Wood v. Wood, 1 M. and Cr., 401; Crockett v. Crockett, 1 Hare, 451; S. C., 2 Phill.,. 553; 16 Penn. St., 435; 2 Sand., ch. 432, 437.)

JUDGE COFER DELIVERED THE OPINION OF THE COURT.

P. F. Herndon, by the third clause of his will, gave to his. son, John Chapman, the sum of eleven hundred dollars to. make him equal to his brothers, David W. and Alvin G.

The fourth and fifth clauses read as follows:

"*Fourth.* I give and bequeath to my beloved wife, Elizabeth Jane Herndon, the farm upon which I now reside, together with the remainder of my property, after taking out. the legacies above named, during her life-time or while she remains my widow, which I desire she shall manage and control for the benefit of herself, and mine and her children; and at her death, or the termination of her widowhood, it is. my desire that said property may be equally divided among my children, after charging my three eldest sons with the sum of eleven hundred dollars each, as aforesaid.

"*Fifth.* It is my desire that the property of which I may die possessed, after the payment of the legacy of eleven hundred dollars to my son, John Chapman, shall be kept together, my younger children receive an education equal with what my three eldest sons have received, and made equal with them in a horse, saddle, and bridle, and everything else I have given them, after which I desire an equal

·division.    And lastly, I do hereby constitute and appoint my said wife, Elizabeth Jane Herndon, executrix of this my last will and testament, and desire that she carry out the provisions thereof," &c.

The widow qualified as executrix, paid the legacy to John ·Chapman, and retained possession of the farm and personal property, and eight or ten years after the death of the testator intermarried with John M. Major.

At the time of her said marriage, all the stock on hand ·at the death of the testator, except two horses, was dead or had been sold or consumed by the family; but there was in her possession stock, the natural increase of that left by the testator, farming implements, and other property procured in lieu of that left by him, and which had been worn out, and ·corn, wheat, oats, hay, and perhaps other farm products raised ·on the farm of the testator; and the principal question in ·this case is, whether such after-acquired property, the increase ·of the stock and the produce of the farm, belonged to the widow, or was subject to distribution under the will to the ·testator's children.

This will depend upon the character of the widow's interest under the will.    If she took an absolute estate during life or widowhood, she is entitled to the property in contest. When a thing which will be consumed in the use, as grain or provisions, is given absolutely, though only for life or a ·specified term, the donee takes an absolute estate.    (Christler v. Meddis, 6 B. Mon., 35; Gentry v. Jones, 6 J. J. Mar., 154.)   But if the thing be such as may or may not be consumed in the use, as work stock, farming implements, ·and the like, if only an estate for life or other limited term be given, and there is a bequest over, the ulterior legatee will be entitled to such of the property as may remain at

the termination of the particular estate in the condition in which it then is. (Ibid.) And if stock be given in like manner, the owner of the particular estate will own in fee the natural increase of the stock during the continuance of his estate.

This latter rule is based on the ground that the right of the owner of the particular estate being unlimited during its continuance, the profits arising from it during that time belong to him as owner of the estate. He takes the issue as an incident to his ownership of the property, out of which the issue comes, and can hold it against those entitled after the termination of his estate. (Lyne v. Cleveland, 1 Bush, 80; Gentry v. Jones, *supra*.)

But the widow of P. F. Herndon did not take an absolute estate, and this fact distinguishes this case from the cases *supra*.

The bequest to her was coupled with the "desire" that she should manage and control the property bequeathed for the benefit of his children and hers. And that it should be kept together for the purpose, first, of supporting her and the children residing with her, and giving them an education equal with that given his elder sons, and then for distribution in the manner therein directed, and, finally, that she should, as his executrix, carry out the provisions of his will.

The first part of the fourth item of the will is sufficient to vest in the widow an absolute estate for life or during her widowhood, and there are no words following the gift which expressly limit it; but both in this and in the succeeding item, the "desire" of the testator that she shall manage and control the property, not for her own benefit alone, but for the benefit of his and her children as well, is three times distinctly and unequivocally expressed, and after reading these

two items, no doubt can remain that he intended that his wife and his and her children should enjoy his bounty in common.   He made no other provision for the nurture and education of the children, and finally charges her, as his executrix, to carry out the provisions of his will.

"It frequently happens that an absolute gift of property is made to a person by will, accompanied by expressions indicating a wish on the part of the testator that certain other parties should participate in the beneficial enjoyment.   The strong disposition of the courts to give effect to the intentions of testators has given rise to a species of trusts founded on expressions of this nature, and differing in some respects from absolute trusts.   These recommendatory trusts will be enforced in favor of the particular objects or purposes thus designated, although they will be insufficient to impress the gift with the character of a trust generally," &c.   (Hill on Trustees, 71.)

This doctrine has been carried to great lengths.   Thus, the words "desire," "will and desire," "request," "wish and request," "entreat," "recommend," "hope," "in the fullest confidence," "not doubting," "trusting and wholly confiding," have been considered sufficient to raise a trust where the subject and object of the trust are sufficiently certain.   (Hill on Trustees, 71; Perry on Trusts, section 112.)

"In modern times," says Mr. Hill, "a strong disposition has been indicated on the part of the judges not to extend the doctrine of raising a trust upon words of recommendation, &c., &c., but, as far as the authorities will allow, to give the words their natural and ordinary effect, unless it be clear that they are intended to be used in a peremptory sense."   (Ibid, 72.)

Major, &c., v. Herndon, &c.

That the words used by the testator in this case were meant to be peremptory, we entertain no doubt. The testator was confiding his whole estate to his widow, and looked to her to support and educate his infant children and to preserve the estate, that it might be used to equalize them with his elder children, for whom he had already partially provided. This is wholly inconsistent with the idea that he intended to leave these interests, about which he evidently felt the deepest concern, to the uncontrolled discretion of his widow; and while we recognize the modern inclination of the courts to restrict rather than to extend the doctrine of precatory trust as wise and salutary, we do not hesitate to declare that this testator intended to impose a trust upon his widow, and to make it her duty to hold and use the property bequeathed to her for the purposes to which he desired it to be applied.

As she took and held the property in trust, its increase, and property purchased with the proceeds of the trust estate, became trust property, and was held by her as trustee under the will. When she married, the trust terminated, and her interest as a beneficiary of the trust ceased, and the property became the absolute property of the testator's children, to be divided among them according to the terms of the will. Any other construction would have enabled the widow to defeat entirely the purpose of the testator to secure the equalization of his children out of the personalty, which he evidently intended should be done, in part at least, and, as suggested by the counsel for the appellee, would give her a greater estate or interest in the personal property after her marriage than she had before.

But we are of the opinion that the judgment obtained against her by the appellee, as administrator *de bonis non,* with the will annexed, cannot be sustained.

The estate had been fully administered by the widow long before her marriage, and she had ceased to hold the property as executrix, and held it as trustee under the will. (Warfield v. Brand, 13 Bush, 92 *et seq.*)

Wherefore the judgment is reversed, and the cause is remanded, with directions to dismiss the cross-petition without prejudice.

Ky.
78   130
90   489
78   130
117   92

78   130
f135  696

78   130
132   519

CASE 26—INDICTMENT—OCTOBER 24.