CASE 92—ACTION AT LAW—NOVEMBER 19.

# Johnson's Administrator v. Johnson.

APPEAL FROM FAYETTE CIRCUIT COURT.

1. CONVEYANCE—CONSTRUCTION—REVERSION IN PERSONALTY.—A conveyance by a husband to a trustee for the benefit of his wife of real estate and sundry articles of personal property, including household and kitchen furniture, books, pictures, plate, silver, carpets, tables, chairs, piano, rockaway, horse, phaeton, milch cows and other like articles, for the natural life of the wife, as her sole and separate estate, with remainder over as to the realty, but with no ulterior disposition as to the personalty, vested in the trustee. an estate for the wife's life in the personalty which reverted to the grantor after the wife's death.

2. DAMAGES EXCESSIVE—POWER OF THE COURT TO REQUIRE REMITTITUR.—Where the items constituting the damages recoverable are separable so that the court may eliminate those not properly recoverable from those recoverable, the court has power to require the plaintiff to remit so much of the damages as represent the items which are not properly recoverable.

3. PRESUMPTION ON APPEAL.—In the absence of a bill of evidence this court will indulge the presumption that a remittitur ordered by the trial court embraced those items which were separable and not recoverable.

J. R. MORTON FOR APPELLANT.

1. The court erred in failing to grant a new trial.

2. The limitation for life was not intended by the appellee to apply to a gift of the personal property to his wife, Mildred A. Johnson.

3. Even if he so intended, the limitation is invalid because the gift was by deed and not by will; and even if it had been by will, it would not have been valid because there was no ulterior legatee designated to take the property after the termination of the separate estate, and no reversion is allowed. Brown v. Morris, 3 Bush, 81; Major, etc., v. Herndon, 78 Ky., 123; Williams on Personal Property (4th ed.), pp. 7 and 259.

J. HENNING NELMS FOR APPELLEE

1. In the absence of a bill of exceptions, the presumption is that the verdict was sustained by the evidence. It will not do for the appellant to say now that this court must presume that the verdict was excessive because the court below held that it was excessive. If the appellant desires this court to pass on that question, he must have the evidence before this court.

2. It is no longer the law in Kentucky that there can not be a life estate in personal property. Major, &c., v. Herndon, 78 Ky., 123; and in the absence of a limitation over any personal estate, which is not consumed in the use reverts to the grantor. Am. & Eng. Enc. of Law, vol. 6, p. 883; S. & E. E., vol. 6, p. 883; 40 S. W. Rep., 779; Masterson v. Hagan, &c., 17 B. M., 325.

GEORGE DENNY, JR., ALSO FOR APPELLANT.

JUDGE HAZELRIGG DELIVERED THE OPINION OF THE COURT.

Appellee, Johnson, who was the plaintiff below, claimed to be the owner of certain household and kitchen furniture, books, pictures, plate, silver, carpets, tables, and chairs, one piano, rockaway, rockaway horse, phaeton, milch cows, and other like articles, and which he averred had been sold by appellant, Robertson, claiming to be acting as administrator with the will annexed of Mildred A. Johnson, as well as acting in his own right, and the proceeds of which sale had been converted to Robertson's own use, to the damage of the plaintiff in the sum of $2,000. The basis of his claim to the property or its value was stated to be that, having once been the owner of certain real estate and the personal property named, he had, many years before, through the intervention of a trustee, conveyed the real estate and personal property to his wife, Mildred A. Johnson, for and during her natural life, as her sole and separate estate, with remainder over to their children so far only as the real estate was concerned. And it is appellee's contention that, having made no disposition of

the personal property beyond the lifetime of his wife, Mildred A., such of it as remained at her death reverted to him, or belonged to him, because it had never been given away, except to the extent of its use to Mildred A. during her life. On demurrer the trial court sustained the appellee's contention, and on a trial of the remaining question of value the jury found for the appellee the sum of $300. On appellant's motion for a new trial because of error of law in overruling his demurrer to the appellee's petition, and because the verdict was excessive, the court adjudged that the verdict was excessive, and that it would sustain the motion, and grant a new trial, unless the plaintiff would abate the judgment to the sum of $201; and, further, that, if the plaintiff would abate his judgment to this extent, the court would overrule the motion. The plaintiff did so abate his judgment, and the court modified it accordingly, over the objections of both plaintiff and defendant; but only defendant is here complaining.

Two questions are presented: (1) Was the husband the owner of the property? and (2) did the court err in overruling the defendant's motion for a new trial, having determined that the original judgment was excessive?

In considering the first question, we are to ascertain merely the intention of the grantor in thus limiting the wife's interest in the personalty to her natural life, and in not giving it to her absolutely, and in not disposing of it beyond her life, as he did with the real estate. In ascertaining this intention, we have to do with the circumstances surrounding the parties and the nature of the property, rather than with the technical rules of law. It may be conceded that, technically, an estate proper can not be created in personal property, and hence there could not formerly be an estate for life in such property. But

we understand it to be well settled now that gifts for and during the life of the donee or the life of another may be made of personal property; and except when the nature of the property is such as that it will be consumed in its use, the donee shall have only the use for the specified term, and shall account for the body of the gift to the person entitled thereto. When the nature of the property is such as that its use means its consumption, then the donee takes it absolutely. It is not unlikely that some of the property in contest was of this nature. There is no bill of evidence, but it is certain that in the main it was not of such character. In Major v. Herndon, 78 Ky., 124, it was held that work stock and farming implements were not such things as would be consumed in their use, and a life estate in them was upheld for the benefit of the ulterior legatee. It was competent, therefore, for the grantor to give his wife a life interest merely in the property in contest, and this temporary interest is all she owned. This deed of gift was made in 1879, and there was no change of possession of the property, so far as the record discloses, but the husband and wife used and enjoyed it together until about the time of the wife's death, in 1894. The property as described in the deed is in the nature of the personal belongings of the head of the family. The conveyance, as recited in the trust deed, was made to the end that the wife and children of the grantor might have a "home." The grantor and his wife were then in the joint use and occupancy of the home and its complements, and continued to be for many years. We think it was his intention merely to make secure to the wife, so long as she lived only, these personal effects, and that he did not intend to surrender his final ownership thereto should she die before he did. Owning them absolutely, he merely surren-

dered to his wife a temporary use of them. They were hers for her life only, and at her death they belonged to the husband simply because he had not given them away.

On the second point involved, the appellant relies on the case of Brown v. Morris, 3 Bush, 81, where the lower court, conceiving that a verdict of $4,000 in a case of malicious prosecution without probable cause was excessive, announced that he would grant a new trial unless the plaintiff would accept $1,000 in satisfaction of his damages. The plaintiff did so abate his judgment, and this court held that this was error—error to the prejudice of the defendant if he was entitled to a new trial, and error to the plaintiff's prejudice if defendant was not entitled to the new trial—and that it was, in effect, an assessment of the damages by the court. The same conclusion was reached in the similar case of L. & N. R. R. Co. v. Earl's Adm'x, 94 Ky., 370 [22 S. W., 607]. But we have a different state of case before us here. There is no bill of evidence, and, while we must assume that the verdict of $300 was excessive, we must also assume that the court from the proof was able to pick out the particular items constituting the excess, and discard them. We might assume the verdict was excessive because the jury had allowed to the plaintiff pay for certain articles for which he was not, under the proof, entitled to pay, in the opinion of the court; that, therefore, the excess could be remitted by the court, without an unwarranted interference with the province of the jury. In Masterson v. Hagan, 17 B. Mon., 325, it was held that a party might remit the excess in an excessive judgment, provided "the remainder shall not only be no more than, upon the law and evidence, the jury might have justly found, but shall be certainly no more than the verdict itself proves him to be entitled to by the principles of

law applicable to the case, and in obedience to which the remittitur is made." All possible presumptions are to be indulged in to support the action of the court in requiring this reduction. If the court's instructions, which are not before us, failed to require the jury to omit from their findings the value of such property as, by reason of its nature, vested absolutely in the wife, and it was ascertainable from the proof what amount had in fact been allowed by the jury on account of such property, then the court could properly have required a reduction of the judgment to the extent of the value of such property. And this question might properly be considered by the court on the motion for a new trial made by appellant on the ground of an excessive verdict, without in terms relying on erroneous instructions. We do not suppose, therefore, that the trial court undertook to revise or interfere with the values placed on the articles sued for by the jury, but rather that he reduced the finding by rejecting certain amounts allowed by the jury for articles which were not recoverable by the plaintiff under the proof. Whereupon the judgment is affirmed.