## Davison's Admr., et al. v. Davison's Admrx.

(Decided October 1, 1912.)

### Appeal from Hancock Circuit Court.

1. Wills—Limitation Over in a Chattel Interest—When Use of Article Means Its Consumption.—While formerly there could be no limitation over of a chattel interest, the rule has been so

changed that such a limitation over by will is good, but when the use of the article means its consumption, the limitation over after the life estate is void, and the widow taking such an estate in the property that would be consumed by its use, her administrator with the will annexed is entitled to it.

2.   Wills—Interest on Money in Bank—Owner of Property the Use of Which Meant Its Consumption.—The devisee was entitled under the will to such property as would be consumed by its use, such as interest on money in bank; and what she could make by her own efforts in the use of the property devised to her.

J. R. HIGDON, E. C. VANCE and BEN D. RINGO for appellants.

R. A. MILLER, JOHN D. KELLY, E. E. KELLY and C. S. WALKER for appellee.

OPINION OF THE COURT BY JUDGE NUNN—Reversing.

Dr. David Davison died on December 5, 1906, and left a will containing four paragraphs, the first of which has reference to the payment of his debts and funeral expenses, the fourth appointed his son executor of his estate, and the second and third, which have application to the questions to be determined on this appeal are as follows:

"Second, all the rest of my property, real, personal and mixed, I give to my beloved wife, Margaret O. Davison, to be held, used and enjoyed by her during her natural life.

"Third, after the death of my beloved wife, Margaret O. Davison, I give, and it is my will, that all the remainder of my property, real, personal and mixed, shall go to my children and heirs at law, to be held, owned and divided among them all according to the statutes of laws of descent and distribution of the State of Kentucky."

Dr. Davison left a valuable tract of land and personal property, consisting of farming implements, a grist mill, a thrasher, about seven head of horses and colts, one or two cows and calves, about twenty-seven head of sheep, about forty fat hogs, some old corn and wheat, $600.00 on time deposit and $153.88, subject to his check, were deposited in the Hancock Deposit Bank. His widow, Margaret O. Davison, took charge of this property, continued to reside upon and cultivate the farm yearly, and had the deposits of money in the bank changed from her husband's name to hers.

Margaret O. Davison, the widow of Dr. Davison, died in August, 1910, and left a will devising all her property to her niece, nephews and some charitable objects.

This controversy arises over the ownership of the property on the farm at the time of Margaret O. Davison's death, and over about $2,874.48 of the money in the bank. Hettie Duckwall, a daughter of Dr. Davison, became his administratrix with the will annexed, and she claims the whole of the property as such administratrix. James R. Higdon, the administrator with the will annexed, of Margaret O. Davison, claims a portion of the property and all the money in the bank. The lower court gave Higdon $420.00 of the money in the bank and directed him to pay to himself $100.00 for his services and expenses in winding up the estate; to his attorneys, $150.00; to James Bright, $25.00; to Emma Eriskine, $60.00; to John G. Parsons, $10.00, and to pay $75.00 for a "modest stone" to be placed at the grave of Margaret O. Davidson, and then gave the remainder of the money to Mrs. Duckwall, the administratrix of Dr. Davison, and both parties have appealed.

We will first determine what estate Margaret O. Davison took in the property under the will of her husband. It will be observed that he gave her all his real, personal and mixed estate, to be held, used and enjoyed by her during her natural life. At one time there could be no limitation of a chattel, but the rule has since been changed by drawing a distinction between the use and the property, and it is now a well settled doctrine that a limitation over, by will, after a life estate, in a chattel interest, is good. But there is an exception to this rule when the use of the article devised means its consumption; in such cases the limitation over after the life estate, is void. See Gentry v. Jones, &c., 6 J. J. Marshall, 148. If Margaret O. Davison took an absolute estate in the property devised to her, her administrator, with the will annexed, is entitled to it, and we are of the opinion that she did take such an estate in such of it as would be consumed in its use. (Major, &c. v. Herndon, &c., 78 Ky., 123.) In the case of Johnson v. Johnson, 104 Ky., 714, the court said:

"When the nature of the property is such as that its use means its consumption, then the donee takes it absolutely."

Therefore, the question arises: What part, if any, of the property devised to Margaret O. Davison would be consumed in its use? In our opinion, the following property would be so classed, to-wit: the corn, wheat, shock fodder, sheaf oats, the chickens and the fat hogs which were butchered two days after his death. Certainly, the land, the $753.80 deposited in the bank, the twenty-seven head of sheep, seven horses, the cows and calves, the thrashing outfit, the grist mill, the blacksmith tools and farming implements, were such articles as would not necessarily be consumed in their use, but all the authorities agree that the life tenant had the right to use the articles last named and turn them over to the remaindermen in the condition when received, the natural wear excepted, and that the life tenant had a right to receive, as hers absolutely, the income and the increase from all the things named. The testimony shows that Mrs. Davison was an energetic and frugal lady for one of her age; that she had the farm cultivated each year, received the rents and deposited them in the bank; that, at her death, there were about $2,874.48 deposited to her credit, and we cannot understand why the lower court determined that her administrator was entitled to only $420.00 of it. Her husband had on deposit at the time of his death, the two sums above named, which amounted to about $753.88, and she was entitled to the interest, or income, from that amount. She sold the sheep for $54.00; two horses, a cow and heifer for $215.00; locust timber trees from the place for $4.00, and the grist mill and a cow for $185.00, and these sums were all deposited in the bank; and these things were, according to the evidence, the only articles she sold which she should have retained and passed to the remaindermen, as provided in the will of Dr. Davison. Therefore, if we add the total of these amounts to the amount Dr. Davison had in the bank at the time of his death, and then subtract the amount thus found from the amount Mrs. Davison had in bank at the time of her death, we will have the amount earned by her in the use of the property devised to her. All the authorities agree that she was entitled to the interest on the money in bank, and also to what she could make by her own efforts by using the property devised to her, and that she had a fee in that part of the property devised, the use of which meant its consumption. See the authorities cited

above and the cases of Hite v. Hite, 93 Ky., 257; Parsons v. Spencer, 83 Ky., 310; Hill v. Fleming, 128 Ky.. 207:

The administratrix of Dr. Davison appeared upon the scene first after the death of Mrs. Davison and took charge of the property about the house. She sold the wheat for $49.26, and some chickens and potatoes for $22.00, and took possession of $25.00 in cash, which she found in a bureau drawer in the room occupied by Mrs. Davison at the time of her death. These things were all the property of Mrs. Davison and should be accounted for to her administrator.

It will be noticed that Dr. Davison devised to his wife the property, to be used and enjoyed by her during life and what remained at her death should go to his children. According to the authorities, he did not intend that the property naturally consumed in its use, the interest on the money in the bank, the property accumulated by her own efforts, the increase from the stock and the wool from the sheep should pass to the remaindermen. Mrs. Duckwall's counsel cite us to many authorities, to-wit: Hill v. Fleming, &c., 128 Ky., 207; Parsons v. Spencer, 83 Ky., 305; Roach, &c. v. Dabney, 11 Ky. L. R., 123; McConnell v. Wilcox, 11 Ky. L. R., 532; Johnson v. Johnson, 104 Ky., 714, and Major v. Herndon, &c., 78 Ky., 123. All, or most of these cases, except the last one, involved the construction of wills setting apart a certain amount of money and devising it to a trustee with directions to pay the income to a certain devisee for life. In the last case cited, the devise was to the wife, to be held by her for her use and for the education of his, the testator's children, and the court decided that this language constituted her a trustee for the children, but such were not the facts or conditions in the will of Dr. Davison.

For these reasons, the judgment of the lower court is reversed and remanded with directions to the lower court to render judgment in accordance with this opinion.