## HOOGENDORN v. DANIEL.

(Circuit Court of Appeals, Ninth Circuit. February 3, 1913.)

No. 2,075.

1. APPEAL AND ERROR (§ 158*)—WRIT OF ERROR—DISMISSAL—GROUNDS—PAYMENT OF JUDGMENT.

Payment and satisfaction of a judgment is no ground for the dismissal of a writ of error to review the same, since one who voluntarily pays a judgment is not thereby precluded from appealing therefrom.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 973–977; Dec. Dig. § 158.*]

2. APPEAL AND ERROR (§ 1042*)—REVIEW—ITEMS OF DAMAGE—PREJUDICE.

In a suit for defendant's failure to convey certain placer mining claims to plaintiff, defendant was not prejudiced by the court's refusal to strike from the complaint elements of damage with reference to the payment of plaintiff's traveling expenses to Alaska, and loss of time and opportunity to earn money incident to his efforts to obtain title to the claims and his prosecution of the suit, where no evidence was offered with reference to the claim of traveling expenses, and the court, after verdict, required a remittitur of a sum more than sufficient to cover any allowance that might have been made for loss of time, etc.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4110–4114; Dec. Dig. § 1042.*]

3. APPEAL AND ERROR (§ 1031*)—REVIEW—PREJUDICE—PRESUMPTIONS.

Unless it can be seen that prejudice has resulted from error of the trial court, prejudice will not be presumed.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4038–4046; Dec. Dig. § 1031.*]

4. DAMAGES (§ 68*)—BREACH OF CONTRACT—CONVEYANCE OF MINING CLAIM.

Where, in an action for breach of defendant's contract to convey certain placer mining claims to plaintiff, it appeared that plaintiff, after making the contract, came to Alaska prepared to work the ground in the summer of 1908, and would have done so, had he been able to get pos-

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

session of it, he was entitled to recover legal interest on the profits which he might have made from the claims during the period of his exclusion from possession, and for this purpose was entitled to prove the proceeds of the mines after possession was secured and the royalty received therefrom.

[Ed. Note.—For other cases, see Damages, Cent. Dig. §§ 141–143; Dec. Dig. § 68.*]

In Error to the District Court of the United States for the Second Division of the District of Alaska; Cornelius D. Murane, Judge.

Action by Otto Daniel against D. Hoogendorn. Judgment for plaintiff, and defendant brings error. Affirmed.

The defendant in error brought the present action against the plaintiff in error to recover damages alleged to have been sustained by reason of the failure of the latter to convey two placer mining claims to him, in compliance with a contract made with Fred Ruhl, Henry Ruhl, and Harry Ruhl, which contract had been assigned to the defendant in error. The complaint alleged the contract, and the decree of the District Court for the specific performance of the same, which decree was affirmed by this court in Hoogendorn v. Daniel, 178 Fed. 765, 102 C. C. A. 213. The items of damages claimed are (1) $1,500 for expenses paid and time lost by the defendant in error in going from Portland, Or., to Alaska, to make payment for and perfect title to the mining claims, and expenses paid and time employed in returning from Alaska; (2) $1,500 on account of his failure to secure employment as a marine engineer during the time so engaged in going to and returning from Alaska; (3) $150 loss arising from the purchase and transportation of a boiler for use on the mining claims; (4) $1,000 for expenses and loss of time during the pendency of the suit; (5) $30,000 for being deprived of the use and occupation of the mining claims and the opportunity to mine the same from September 13, 1907, to June 26, 1910. Included in this item are the damages which were recovered against the sureties in the case of Dashley et al. v. Daniel (No. 2,074) 202 Fed. 426, just decided by this court. On the trial the jury returned a verdict for the defendant in error for $10,275. From this verdict the court below ordered that $3,525 be remitted. Thereupon judgment was rendered for $6,750 and costs.

F. E. Fuller, of Nome, Alaska, and J. W. Albright, of Seattle, Wash., for plaintiff in error.

W. T. Dovell and Ira D. Orton, both of Seattle, Wash., for defendant in error.

Before GILBERT, ROSS, and MORROW, Circuit Judges.

GILBERT, Circuit Judge (after stating the facts as above). [1] A motion is made to dismiss the writ of error, on the ground that the plaintiff in error 'has paid and satisfied the judgment. The motion must be denied. One who voluntarily pays a judgment is not precluded from taking an appeal therefrom. County of Dakota v. Glidden, 113 U. S. 222, 5 Sup. Ct. 428, 28 L. Ed. 981; Erwin v. Lowry, 7 How. 172, 12 L. Ed. 655; O'Hara v. McConnell, 93 U. S. 150, 23 L. Ed. 840; Edwards v. Perkins, 7 Or. 149.

[2, 3] Error is assigned to the refusal to strike from the complaint those allegations which set up as elements of damage the payment of traveling expenses and loss of time and loss of opportunity to earn money by the defendant in error, incidental to his efforts to obtain title to his mining claims and his prosecution of his suit. Those allega-

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

tions should have been struck from the complaint. But the defendant in error suffered no prejudice from the denial of his motion. No evidence whatever was offered to the jury to support the allegation as to the first item of damages. Nor did the court submit to the jury that item for their consideration. After the verdict was rendered, the court struck from the amount thereof $3,525, a sum more than sufficient to cover the amount of the other objectionable items. It should be presumed that, in so reducing the amount of the verdict, the court intended to and did exclude therefrom all items of damage which had been illegally submitted to the jury. Johnson v. Johnson, 104 Ky. 714, 47 S. W. 883. Unless it can be seen that prejudice has resulted from error of the trial court, prejudice will not be presumed.

But it is said that the court erred in instructing the jury concerning the loss sustained by defendant in error as the result of his purchase of a boiler. The court instructed the jury to take into consideration the fact, if they so found from the testimony, that the plaintiff purchased a boiler and transported it to the claims, and said:

"And the same method should be employed in computing the damages in this case, if you should find said boiler was purchased, and that the plaintiff was prevented from using the same, for the price of such boiler."

This it is contended was equivalent to charging the jury that they might find for the plaintiff in the action damages measured by the purchase price of the boiler. It was evidently not so understood at the time, and no exception was taken to the instruction, and no assignment of error is based thereon. It is obvious that the language of the court is not correctly reported. Elsewhere the court clearly instructed the jury that the measure of damages as to the boiler and other machinery was the interest on the money invested therein during the time that the plaintiff was kept out of possession by reason of the acts of the defendants.

[4] The court instructed the jury as follows:

"If you find from the evidence that the plaintiff could have worked said mining claims at a profit during the winters of 1907 and 1908 and of 1908 and 1909, and the summers of 1908 and 1909, he would be entitled to legal interest at the rate of 8 per cent. per annum upon the profits that he would have made, if any, during the period that he was kept out of the use of the money."

Error is assigned to this instruction, and to the admission of certain testimony, as follows: The defendant in error was asked if he had made any preparations for mining the property in the way of purchasing mining machinery and supplies. He answered that he had bought a boiler in Tacoma, for which he paid $300, and had shipped it to Alaska. He was asked what arrangements, if any, he had made in the winter of 1908 and 1909, and the spring of 1909, with the Fairhaven Water Company to work the ground, if he could have obtained possession thereof. He answered that he had arranged with the company to work the ground, on a royalty of 40 per cent., with hydraulic elevators; that the company had a supply of water, ditches, and pipe lines in such manner that it could have worked the ground; that in the summer of 1910 the company did work the ground, and paid him

202 F.—28

a royalty of 40 per cent. on $36,358.35 taken therefrom, and in 1911 mined the ground, and paid him a royalty upon more than $70,000. It is contended that this evidence should have been excluded, for the reason that it does not afford competent proof of the profits which would have accrued if the claims had been mined during the time mentioned, and because there is no evidence that the defendant in error could or intended to work the ground in the summer of 1908. The reasons suggested for the exclusion of the evidence are not sufficient. The defendant in error was there to work the mining property, if he could get possession of it. The plaintiff in error inequitably excluded him from the possession, and during the period of such exclusion the defendant in error might have mined the ground, and he testified that he had made an arrangement to mine it with the corporation which subsequently did mine it. The position of the plaintiff in error seems to be that the owner of a mining claim suffers no damage by being prevented from working it, for the reason that the gold is all there in the ground, and will be there when he does get the opportunity to work it, or that the measure of his damages is, at most, the interest on the purchase price of the mine. But the mineowner is entitled to the benefit of the use of the money which he can take from his mine, and the plaintiff in error has no ground to complain in this case that the court admitted the evidence which was objected to, and instructed the jury that they might charge him with legal interest on the profits which the defendant in error might have made from the mining claims during the period of his exclusion from the possession thereof.

The judgment is affirmed.