## THE BARGE NO. 25.

## THE BARGE NO. 26.

## WALTERS v. FULTON.

(Circuit Court of Appeals, Ninth Circuit. August 2, 1926.)

Nos. 4765 and 4766.

1. **Appeal and error ⬤⟶781 (7).**

Payment and satisfaction of judgment is not ground for dismissal of appeal therefrom.

2. **Admiralty ⬤⟶93.**

Denial of application to open default decree *held* not abuse of discretion, where counter

affidavit conflicted with affidavits as to oral agreement for extension of time supporting it.

3. **Admiralty ⬤⟶93.**

Ruling on motion to set aside default rests in discretion of court; rule not being altered by rules effective March 7, 1921.

4. **Admiralty ⬤⟶32.**

Libel in rem against two barges *held* properly brought in Southern Division of Northern District of California, though barges were seized in Northern Division of such district in view of Judicial Code, § 72, as amended by Act May 16, 1916 (Comp. St. § 1057), and admiralty rule 22.

Appeal from the District Court of the United States for the Southern Division of the Northern District of California.

Libels in rem by F. L. Fulton against Barge No. 25 and against Barge No. 26, and the engines, etc., of each, claimed by Benjamin Walters. Decrees for plaintiff, and claimant appeals. Decree affirmed in each case.

Albert Michelson, of San Francisco, Cal., and Newton Rutherford and Jesse L. Copestake, both of Stockton, Cal., for appellant.

S. C. Wright, of San Francisco, Cal., for appellee.

Before GILBERT, HUNT, and RUDKIN, Circuit Judges.

GILBERT, Circuit Judge. The appellee filed two libels in rem in the Southern Division of the District Court of the United States for the Northern District of California against two barges, the property of the appellant, to recover for labor and materials furnished in repairing each. The barges were seized while in the Northern Division of said district. Decree by default was rendered in each case. As the records in the two cases are identical, it will be necessary on the appeals to discuss in but one of them the points involved in both.

[1] A motion is made to dismiss the appeal on the ground that no actual controversy exists, since before the appeal was taken the judgment, with the appellant's consent, was fully paid and satisfied. The motion is denied. Dakota County v. Glidden, 113 U. S. 222, 5 S. Ct. 428, 22 L. Ed. 981; Hoogendorn v. Daniel, 202 F. 431, 120 C. C. A. 537; Josevig-Kennecott Copper Co. v. James F. Howarth Co. (C. C. A.) 261 F. 567.

[2, 3] The appellant contends that the denial of his application to open the default decree in the court below was abuse of discretion. The default was entered on August 19, 1925. On October 23, 1925, the appellant gave the appellee notice of his application to set aside

·the default and permit him to answer, and thereafter presented affidavits tending to show that the appellee's counsel had on August 25 orally consented to extension of time to appear and defend the libel. A counter affidavit denied the existence of such oral agreement, and the court, upon consideration of the application and the affidavits, denied the application. That the ruling upon a motion to set aside a default rests in the sound discretion of the court has always been recognized in admiralty practice, and it is not altered by the new rules which went into effect on, March 7, 1921. The Richmond (D. C.) 2 F.(2d) 903. We find no error. Cape Fear Towing & Transportation Co. v. Pearsall, 90 F. 435, 33 C. C. A. 161; The John D. Dailey (D. C.) 260 F. 241; Mobile Shipbuilding Co. v. Federal Bridge & S. Co. (C. C. A.) 280 F. 292.

[4] The appellant denies the jurisdiction of the court below on the ground that the suit was brought in the Southern Division of the Northern District of California, while the barge was seized in the Northern Division of that district, and he cites The L. B. X. (D. C.) ·88 F. 290, in which it was held that under the act of Congress providing that in the federal courts of Missouri all civil suits not of a local nature shall be brought in the division having jurisdiction over the county where the defendants or either of them reside, the act creates a distinct district and distinct courts, and that an admiralty suit in personam must be brought in the division having jurisdiction over the county where the defendants reside. That decision, based upon the language of the Act of Congress of February 28, 1887 (24 Stat. 424), has no application to the case at bar. The divisions of the Northern District of California are created by section 72 of the Judicial Code, as amended by the Act of May 16, 1916 (Comp. St. § 1057), which names the counties which shall constitute respectively the Northern and the Southern Divisions, but creates no separate court for either division, and provides for but one marshal and one clerk for both divisions, and contains no provisions similar to those found in the act relating to federal courts in Missouri. Under the statute creating the divisions of districts in California and admiralty rule 22, which provides that, in a libel in rem, it shall be stated that the property "is within the district," there can be no question but that "jurisdiction is coextensive with district." Rosecrans v. United States, 165 U. S. 257, 17 S. Ct. 302, 41 L. Ed. 708; Dwyer v. United States, 170 F. 160, 95 C. C. A. 416.

The decree in each case is affirmed.