## Childers v. Collier, et al.

(Decided January 18, 1927.)

### Appeal from Hickman Circuit Court.

1. Pleading—Allegation that Property Belonged to Certain Estate was Mere Conclusion.—Allegation in intervening petition of one who claimed property in dispute that property belonged to estate of certain person was mere conclusion of pleader.

2. Life Estates—One Purchasing Interest of Husband's Heirs Held Not Entitled, After Life Tenant's Death, to Her After-Acquired Property or Accumulation from Rentals.—One who had purchased entire interest of heirs of husband, who had willed property to wife for life, was not entitled to property acquired afterwards by wife or accumulation of income from rentals of real estate in which she had life interest.

J. D. VIA for appellant.

L. L. HINDMAN for appellees.

OPINION OF THE COURT BY JUDGE LOGAN—Affirming.

Some of the children and heirs at law of Betty Childers, deceased, instituted their suit in the Hickman circuit court seeking a judgment against T. A. Childers, administrator of the estate of Betty Childers. It is alleged that Betty Childers died in 1922 intestate and that T. A. Childers was thereafter appointed and qualified as the administrator of her estate; that the property belonging to the estate had been reduced to cash and that the administrator had approximately the sum of $5,000.00 in his hands. The plaintiffs who joined in the suit allege that the administrator was indebted to them by reason of the fund which he held belonging to the estate of Betty Childers in the sum of $2,777.75. It is alleged that the administrator, T. A. Childers, has refused and still refuses to distribute among the heirs of Betty Childers

their interest in said estate, although demand has been made of him so to do. The plaintiffs prayed for a judgment requiring the administrator to pay to them the amount to which they were entitled of the fund in the hands of the administrator.

T. A. Childers, the administrator, filed his answer in which he admitted that he had certain funds belonging to the estate of Betty Childers and alleged that he had been ready and willing to pay out the money to the heirs entitled thereto but he had not done so because Martin Childers claimed to be the owner of all of the fund in his hands as administrator, and that the said Martin Childers had notified him that if he made distribution of the funds as contended for by the heirs of Betty Childers he would institute suit against the administrator to recover such sum as he might so distribute. The administrator prayed that the court direct him as to how the money should be distributed.

J. M. Childers filed an intervening petition in which he alleged that Betty Childers had no estate at the time of her death and that the property which was taken charge of by T. A. Childers, her administrator, was property belonging to the estate of J. M. Childers, deceased; that he, the said J. M. Childers (Martin Childers and J. M. Childers are the same person), was the owner of all of the estate which came into the hands of T. A. Childers as administrator of Betty Childers. His contention is based upon the fact that he purchased the entire interest of the heirs of his father, J. M. Childers, deceased, and that the estate left by Betty Childers was a part of the estate of J. M. Childers. He relied upon certain deeds and contracts which were entered into between him and the heirs of J. M. Childers. It appears that J. M. Childers left a will which was contested. There was an appeal to this court and the judgment of the lower court was reversed. The matter was not again tried but was settled by Martin Childers purchasing the interest of the other heirs in the estate. The deeds referred to, as well as the contract, show that in consideration of $1,000.00 each Martin Childers purchased the interest of the beneficiaries under the will in his father's estate, which consisted of real estate largely. The provisions of the deeds and the contract, however, are sufficient to cover any interest which the beneficiaries under the will had in the estate of their father.

The intervening petition of J. M. Childers makes the general allegation that the property in the hands of T. A. Childers as administrator of Betty Childers belongs to the estate of J. M. Childers deceased, but this does not mean anything as it is a mere conclusion of the pleader. The will of J. M. Childers, deceased, contains this provision:

"I bequeath to my beloved wife, Betty Childers, all my property both personal and real, during her natural life to use as she may deem best, that is, to keep and use or sell personal property, and rent all lands and collect rents, and use the same for her support, and the support of her children as she may see proper."

Under this provision of the will Betty Childers' was given the power to sell personal property as well as to use it. There is no allegation in the intervening petition that she had on hand at the time of her death any of this property. It may have been consumed by its use or she may have sold the personal property. J. M. Childers in his intervening petition claims all of the property belonging to Betty Childers at the time of her death. Certainly he was not entitled to any after acquired property or any accumulation of income from the rentals of the real estate in which she had a life interest. (Davidson's Administrator v. Davidson, 149 Ky. 571.)

As the intervening petition contains no allegation sufficient in law to show that Betty Childers had on hands any of the personal property referred to in the will of her husband, J. M. Childers, it is unnecessary for us to determine whether she took the personal property absolutely or only took a life estate therein. It is sufficient to say that the lower court properly sustained the demurrer to the intervening petition.

An amended petition was tendered by J. M. Childers, but it is no stronger than the original intervening petition. It alleges that he purchased the interest of Betty Childers in the estate of her husband, except her life estate in seventy acres of land. He nowhere attempts to allege that the estate of Betty Childers at the time of her death was made up of any part of the personal property which she received from her husband.

The judgment of the lower court is affirmed.