## Southeastern Greyhound Lines v. Bradley.
## Same v. Asher.

Oct. 5, 1943.

Logan Patterson and R. W. Keenon for appellant.

W. L. Hammond, J. H. Taylor and C. K. Calvert for appellees.

OPINION OF THE COURT BY JUDGE CAMMACK—Reversing.

In each of these actions the appellee obtained a $199 judgment against the appellant on the charge of false imprisonment. Each verdict was for $200. Admittedly, in order to prevent the Greyhound Lines from filing an appeal to this Court, each of the appellees filed a motion remitting $1 of the verdict before judgment was entered. The trial court sustained these motions and entered judgment for $199 in each case. The appellees are insisting vigorously that their motions to dismiss the appeals should be sustained, since the amount in controversy in each case is less than $200. KRS 21.060. On the other hand, the appellant insists that it would be a miscarriage of justice to dismiss its appeals. We subscribe to the latter view, and therefore are overruling the motions to dismiss.

The reason for this action is well stated in the case of Masterson v. Hagan, 17 B. Mon. 325. There it was pointed out that, where a party, who has recovered a judgment, seeks to defeat a motion for a new trial (an appeal in this case) by remitting a portion of the damages assessed, such an amount must be remitted as will show that the defendant can not be prejudiced by refusing the new trial, and also that the damages retained are sustained by the proof in the cause and that there is a proper basis for the remainder. In the case of Washington Mfg. & Mining Co. v. Barnett, 42 S. W. 1120, 19 Ky. Law Rep. 958, the plaintiff obtained a verdict for $100 on which judgment was entered. Thereafter he sought to cut off the defendant's right of appeal by remitting $1 of the judgment. After quoting from the Masterson case with approval, as well as from the case of Merrick v. Holt, 7 Ky. Law Rep. 758, the Court held that the remittance by the plaintiff did not operate to deprive the defendant of his right of appeal, since there was nothing to show what part of the verdict was caused by the errors of which the defendant complained. See also, the cases of Johnson's Adm'r v. Johnson, 104 Ky. 714, 47 S. W. 883, 20 Ky. Law Rep. 890, and Chesapeake & O. Ry. Co. v. Meyers, 150 Ky. 841, 151 S. W. 19.

The appellees rely upon the case of Cumberland Tel. & Tel. Co. v. Curtis, 146 Ky. 286, 142 S. W. 385, wherein

this Court refused to take jurisdiction of an appeal where the plaintiff had remitted $350 of his $500 judgment. The appellees say the Curtis case is directly in point, since the remittance was made after the rendition of the verdict, but before judgment was entered thereon. They are in error in this respect, however, because an examination of the record in that case shows the judgment was entered for $500 ($250 for compensatory damages and $250 for punitive damages) prior to the time the motion for the remittance was made. An examination of the Meyers case, supra, and the case of Equitable Life Assur. Society v. Goble, 254 Ky. 614, 72 S. W. (2d) 35, will show that a remittance may be made before or after judgment, assuming it to be timely in other respects. The Curtis case seems to be out of harmony with the well reasoned opinions in the aforementioned cases, so we are not disposed to sanction the appellees' efforts to thwart the appellant's appeals on the authority of that case.

We believe the motions for appeals must be and they are sustained, because the instructions given by the trial court were prejudicially erroneous.

The appellees purchased bus tickets from Pineville, Kentucky, to Lafayette, Georgia. They boarded one of appellant's buses in Pineville; changed to another in Knoxville; another in Chattanooga; were asleep when the bus passed through Lafayette; and refused to get off when it reached Rome, Georgia. They said they told the driver when they reached Rome they wanted to return to Lafayette, and he said he would go in the station and see what could be arranged for them; when he returned to the bus he was accompanied by police officers; the bus driver said, ''There are the boys''; the officers arrested them and placed them in jail; and they were not drinking. The bus driver said he called the station at Lafayette; when he reached Rome the appellees were still on the bus and were drunk; they refused to leave the bus when he requested them to do so; he then asked the ticket agent to call the police; and when the officers arrived he told them he had two passengers who were supposed to get off at Lafayette and who were drinking, and he could not get them off the bus; and the officers said, ''All right,'' and entered the bus and took them away. The officers and several other parties testified that the appellees were drunk when they reached Rome. The offi-

cers said also they arrested the parties for being drunk in a public place.

That the bus driver was the moving force in bringing about the arrest of the appellees is beyond question. If the appellees were drunk in a public place, they were rightfully arrested. If they were not, they were wrongfully arrested. That was the only question for the jury to determine. The second instruction told the jury their finding should be for the appellant if the appellees were committing a public offense by being drunk in the presence of an officer, and on that account were arrested and confined in jail. The converse could have been woven into the same instruction, or put in a separate one, but instead the court gave the following instruction:

"III. Or, if you believe from the proof that at the time and place mentioned in the petition and the evidence, no warrant had been issued charging plaintiff with a public offense;

"Or, if you believe from the proof that plaintiff was at such place and time not committing any public offense, to wit: was not drunken or disorderly in the bus of defendant, and that defendant, its servants, agents and employees, procured the arrest and imprisonment of plaintiff by calling the policemen mentioned in the proof, then you will find for the plaintiff such a sum as you believe from the evidence will reasonably compensate him for money expended on account of his arrest and imprisonment, and his humiliation and mental anguish occasioned by his arrest and imprisonment, not to exceed, however, the sum of One Thousand Dollars, the amount sued for in the petition." Clearly, this was a misleading instruction. Because of the manner in which it was framed the jury might well have been led to believe that, regardless of whether or not the appellees were drunk, they could not have been arrested legally, unless a warrant had been issued charging them with the commission of a public offense.

For this reason we believe the judgments should be and they are reversed, with directions to set them aside and for proceedings consistent with this opinion.