## Miller's Ex'rx v. Miller et al.

June 21, 1949.

Robert M. Spragens for appellant.

T. C. Carroll for appellees.

OPINION OF THE COURT BY VAN SANT, COMMISSIONER
—Reversing.

On the 13th day of July, 1947, Thomas J. Miller died testate seised of personal property appraised at $39,000 and of real property appraised at $29,000. The farm on which Mr. Miller and his wife lived constitutes a part of the real estate. A part of the personal property consisted of livestock on the farm and corn in the crib, which had been harvested prior to December 31, next preceding his death. At the time of his death, there was a corn crop growing on the farm and which was harvested in the fall of 1947. By a general devise in his will, Mr. Miller bequeathed and devised to his wife a life estate in all of his property with remainder over to his collateral heirs. The widow was appointed executrix of the will, took possession of the property, and previous to December 31, 1947, fed the livestock bequeathed to her with the corn in the crib and thereafter fed to the stock

part of the corn harvested between the death of her late husband and December 31 thereafter. The remainder-men protested the widow's right to feed the 1947 crop to the livestock without accounting for its value to the estate. Thereupon the widow, appellant herein, instituted this action under the Declaratory Judgment Act, section 639a—1 to 12 inclusive of the Civil Code of Practice, seeking a declaration of her rights under the will in several particulars. The Court declared her rights in respect to some of the questions presented and reserved a decision in respect to two others. The widow has appealed from the judgment in respect to his declaration that she should pay into the general fund of the estate the value of the crop used by her and harvested between the date of the death of her husband and December 31, 1947. Complaint likewise is made of the failure of the Court to declare her rights in respect to the two questions specifically reserved for future adjudication.

Appellees acknowledge appellant's right to use all crops harvested previous to her husband's death and retained on the farm for consumption by livestock owned by the testator at the time of his death. Thus the sole question for our determination is whether crops, consumable in their use, growing on the farm of a testator at the time of his death, if same should occur after March 1, and harvested before the thirty first day of December following his death, may be used by the life tenant to feed stock bequeathed to her for life, without accounting therefor to the remaindermen.

The language of the testator's will we are called on to construe is contained in two items and reads:

"Item 2. I give, bequeath and devise to my beloved wife, Bernice K. Miller, during her natural life, or so long as she remains my widow, all of my property, real, personal and mixed, wheresoever situate. After the death of my said wife, Bernice K. Miller, or in the event of her remarriage, I give, bequeath and devise all of my said property, real, personal and mixed, in equal shares to my eight sisters and brothers, of such brothers and sisters at this time (3) three being dead having issue, such issue to share only in such portion as would have been received by said brother and sister if living.

"Item 3. I direct that my old home and farm be not sold during the life of my wife, Bernice K. Miller. However, any other property that I possess can be sold at the discretion of my wife, Bernice K. Miller, proceeds from same to be invested in United States Government bonds and held with the rest of my estate, my wife, Bernice K. Miller, to draw and use such interest on investments as she needs for her personal comfort and needs." KRS 395.350(1), provides:

"(1) All the emblements of the lands of a person dying after March 1 which are severed before the following December 31 shall be assets in the hands of his personal representative."

Appellant concedes that under this section the corn growing on the farm at the time of the death of her decedent and harvested before December 31, 1947 passed to her as executrix under the will, but contends that as the life tenant she is entitled to use it to feed the livestock in which she obtained life interest by the terms of the will. She relies on Major, etc., v. Herndon, etc., 78 Ky. 123; Johnson's Adm'r v. Johnson, 104 Ky. 714, 47 S. W. 883; and Davison's Adm'r v. Davison's Adm'x, 149 Ky. 571, 149 S. W. 982, and the rule pronounced in those cases which, in the language used in the Major opinion, is:

"When a thing which will be consumed in the use, as grain or provisions, is given absolutely, though only for life or a specified term, the donee takes an absolute estate."

In enacting KRS 395.350, supra, the Legislature did not intend to infringe upon the right of a citizen of the Commonwealth to dispose of his property in accordance with his will. It is true that the statute treats growing crops, being emblements of the land, as personal property, separates them from the realty of the testator's estate and directs that they shall pass into the hands of the personal representative. Thus they would be liable for the payment of any debts of the decedent including taxes and other proper charges against the personal representative. But it does not follow that they shall be considered to be a part of the corpus of the personal estate for the purpose of distribution. All personal property of a decedent passes into the hands and becomes

part of the assets of the personal representative if the estate is of such nature and extent as to require administration; but after the debts and charges of administration are satisfied, the remainder must be distributed by the personal representative in accordance with the will of the testator. Mr. Miller's will created an absolute life estate in his widow in all the land on which crops were growing at the time of his death. The will itself manifests an intention on the part of the testator to devise to his widow the use of the land from the time of his death until the happening of one of the contingencies which will terminate the life estate, viz., death or remarriage. Being entitled to the use of the land, she is entitled to the profits of the land from and after the death of the testator. To decide otherwise would be to deprive the life tenant of the absolute use of the real estate for the first year of her tenancy, and would postpone her enjoyment of the devise to a time not contemplated by the testator. We think that in enacting KRS 395.350, supra, the Legislature did not intend to thwart the will of a testator in this manner. Such being our view, it is unnecessary to enlist the aid of the decisions relied on by appellant.

The Chancellor refused to pass on two questions presented to him, viz., to advise appellant as to what interest she has in the personal property of her husband by virtue of the will, and in what manner the estate should be managed after her final settlement as executrix shall have been filed. His decision on these matters was reserved until such time as the executrix may be ready to make her final settlement. We think that this was not an abuse of his discretion, since it does not appear that appellant will be prejudiced by the short delay.

The judgment is reversed with directions that another be entered in conformity with this opinion.

Chief Justice Sims, Judge Cammack and Judge Knight dissent.