## DAKOTA COUNTY *v.* GLIDDEN.

IN ERROR TO THE CIRCUIT COURT OF THE UNITED STATES FOR THE DISTRICT OF NEBRASKA.

Submitted January 5, 1885.—Decided January 26, 1885.

While payment of the sum recovered below in submission to the judgment is no bar to the right of reversal of the judgment when brought here by writ of error, a compromise and settlement of the demand in suit, whereby a new agreement is substituted in place of the old one, extinguishes the cause of action, and leaves nothing for the exercise of the jurisdiction of this court.

Evidence of facts outside of the record, affecting the proceeding of the court in a case on error or appeal, will be received and considered, when deemed necessary by the court, for the purpose of determining its action.

This was a motion to dismiss. The suit was on county bonds issued in aid of a railroad. Judgment below for the plaintiff. The defendant brought a writ of error to reverse it. Subsequently to the judgment, the county settled with the plaintiff and other bondholders, by giving them new bonds bearing a less rate of interest, and the old bonds, which were the cause of action in this suit, were surrendered and destroyed. These facts were brought before this court by affidavits and transcripts from the county records, accompanied by a motion to dismiss the writ of error.

*Mr. R. P. Ranney* and *Mr. J. M. Woolworth*, in support of the motion.

*Mr. A. J. Poppleton* and *Mr. J. M. Thurston* opposing.—
I. The original bonds sued on were absolutely void. This is a
settled question in this court. They were in all respects like
the bonds passed upon in *Dixon County* v. *Field*, 111 U. S. 83.
—II. The compromise bonds were issued without authority and
were void for lack of power. If it be claimed that the Supreme
Court of Nebraska has recognized their validity, it is answered
that this conflicts with *Dixon County* v. *Field*, cited above,
and that in questions involving the validity of negotiable in-
struments, this court is not bound by the decisions of State
courts. *Pine Grove* v. *Talcott*, 19 Wall. 666; *Olcott* v. *Super-
visors*, 16 Wall. 678; *Gelpcke* v. *Dubuque*, 1 Wall. 175.—III.
The question of the validity of this compromise cannot be le-
gitimately raised. It does not in any manner appear in the
record, and ought not to be considered by the court.—IV. The
circumstances and motives accompanying this proceeding, taken
in connection with the resolute resistance of the adjoining
County of Dixon, cannot be investigated in this court. This
constitutes a strong reason for relegating the question of the
validity of the alleged compromise to an appropriate tribunal.

Mr. Justice Miller delivered the opinion of the court.

This case comes before us on a motion to dismiss the writ of
error.

The ground of this motion is that since the judgment was
rendered, which plaintiff in error now seeks to reverse, the
matter in controversy has been the subject of compromise be-
tween the parties to the litigation, which is in full force and
binding on plaintiff and defendant, and which leaves nothing
of the controversy presented by the present record to be de-
cided.

The evidence of this compromise is not found in the record
of the case in the Circuit Court, nor in any proceedings in that
court, and it is argued against the motion to dismiss that it
cannot, for that reason, be considered in this court.

It consists of duly certified transcripts of proceedings of the
Board of Commissioners of Dakota County, who are the au-
thorized representatives of that county in all its financial mat-

ters, of receipts of the parties or their attorneys, and of affidavits of persons engaged in the transaction.

These are undisputed on the other side, either by contradictory testimony, or by the brief of counsel who appear to oppose this motion. They leave no doubt of the fact, if it is competent for this court to consider them, that shortly after the judgment against the county in favor of Glidden was rendered, the parties entered into negotiations to settle the controversy, which, after due deliberation and several formal meetings of the board of commissioners, resulted in such settlement.

The judgment in the case was rendered on certain coupons for interest due on bonds issued by said county to aid in constructing railroads. These bonds bore interest at the rate of ten per cent. per annum, and became due in the year 1896. By the new agreement the county took up the bonds and the coupons on which judgment was rendered, and issued new bonds bearing six per cent. interest, the principal payable in the year 1902. These new bonds were delivered to plaintiff and accepted by him in satisfaction of his judgment and of his old bonds, and these latter were delivered by him to the county authorities and destroyed by burning.

There can be no question that a debtor against whom a judgment for money is recovered may pay that judgment and bring a writ of error to reverse it, and if reversed can recover back his money. And a defendant in an action of ejectment may bring a writ of error, and failing to give a supersedeas bond, may submit to the judgment by giving possession of the land, which he can recover if he reverses the judgment by means of a writ of restitution. In both these cases the defendant has merely submitted to perform the judgment of the court, and has not thereby lost his right to seek a reversal of that judgment by writ of error or appeal. And so if, in the present case, the county had paid the judgment in money, or had levied a tax to raise the money, or had in any other way satisfied that judgment without changing the rights of the parties in any other respect, its right to prosecute this writ of error would have remained unaffected.

But what was done was a very different thing from that.

A new agreement, on sufficient consideration, was made, by which the judgment itself, the coupons on which it was recovered, and the bonds of which these coupons were a part, were all surrendered and destroyed, and other bonds and other coupons were accepted in their place, payable at a more distant date and with a lower rate of interest, with the effect of extinguishing the judgment now sought to be reversed, so that the plaintiff in that judgment could not issue execution on it, though there is no supersedeas bond, to secure its payment.

.It is a valid compromise and settlement of a much larger claim, but it includes this judgment necessarily. It *extinguishes* the cause of action in this case. If valid, it is a bar to any prosecution of the suit in the Circuit Court, though we should reverse this judgment on the record as it stands for errors which may be found in it. To examine these errors and reverse the judgment is a fruitless proceeding, because when the plaintiff has secured his object the relation of the parties is unchanged, and must stand or fall on the terms of the compromise.

It is said that to recognize this compromise and grant this motion is to assume original instead of appellate jurisdiction.

But this court is compelled, as all courts are, to receive evidence *dehors* the record affecting their proceeding in a case before them on error or appeal.

The death of one of the parties after a writ of error or appeal requires a new proceeding to supply his place. The transfer of the interest of one of the parties by assignment or by a judicial proceeding in another court, as in bankruptcy or otherwise, is brought to the attention of the court by evidence outside of the original record, and acted on. A release of errors may be filed as a bar to the writ. A settlement of the controversy, with an agreement to dismiss the appeal or writ of error, or any stipulation as to proceedings in this court, signed by the parties, will be enforced, as an agreement to submit the case on printed argument alone, within the time allowed by the rule of this court.

This court has dismissed several suits on grounds much more liable to the objection raised than the present case, as in the

case of *Cleveland* v. *Chamberlain,* 1 Black, 419, where the plaintiff in error, having bought out the defendant's interest in the matter in controversy, and having control of both sides of the litigation in the suit, still sought for other purposes to have the case decided by this court. On evidence of this by affidavits the court dismissed the writ. Similar cases in regard to suits establishing patent rights or holding them void by the inferior courts, as in *Lord* v. *Veazie,* 8 How. 251, 254, *Wood Paper Co.* v. *Heft,* 8 Wall. 333, 336, have been dismissed, because the parties to the suit having settled the matter, so that there was no longer a real controversy, one or both of them was seeking a judgment of this court for improper purposes, in regard to a question which exists no longer between those parties.

It is by reason of the necessity of the case that the evidence by which such matters are brought to the attention of the court must be that, not found in the transcript of the original case, because it occurred since that record was made up.

To refuse to receive appropriate evidence of such facts for that reason is to deliver up the court as a blind instrument for the perpetration of fraud, and to make its proceedings by such refusal the means of inflicting gross injustice.

The cases and precedents we have mentioned are sufficient to show that the proposition of plaintiff in error is untenable.

In the case of the *Board of Liquidation* v. *Louisville & Nashville Railroad Co.,* 109 U. S. 221, 223, a question arose on the presentation of an order made by the authorities of the city of New Orleans to dismiss a suit in this court in which that city was plaintiff in error. The order was based on a compromise between those authorities and the railroad company, which the board of liquidation intervening here alleged to be without authority and fraudulent. The court here did not disregard the compromise or the order of the city to dismiss the case, but, considering that the question of authority in the mayor and council of the city to make the compromise, and of the alleged fraud in making it, required the power of a court of original jurisdiction to investigate and decide thereon, continued the case in this court until that was done in the proper court. But when this was ascertained in favor of the

action of the mayor and council, the suit was dismissed here on the basis of that compromise order.

In the case before us we see no reason to impeach the transaction by which the new bonds were substituted for the old, and for the judgment we are asked to reverse, and

*The writ of error is dismissed.*