COMMISSIONER OF INTERNAL REVENUE
v. ADOLPH HIRSCH & CO., Inc.

Circuit Court of Appeals, Second Circuit.
January 10, 1930.

For former opinion, see 30 F.(2d) 645.

Meyer Bernstein, of New York City, for the motion.

Andrew D. Sharpe, of Washington, D. C., in opposition.

Before MANTON, L. HAND, and SWAN, Circuit Judges.

PER CURIAM. This motion is based upon the fact that, after the appeal was taken and before our decision, which reversed the order appealed from and remanded the cause to the Board of Tax Appeals for entry of an order in conformity without opinion, Commissioner v. Adolph Hirsch & Co. (C. C. A.) 30 F.(2d) 645, the parties made an agreement as to the amount of the tax, pursuant to section 606 of the Revenue Act of 1928 (45 Stat. 791, 874 [26 USCA § 2606]).

If this settlement had been brought to our attention before the case was decided, we should have dismissed the appeal as moot. Dakota County v. Glidden, 113 U. S. 222, 5 S. Ct. 428, 28 L. Ed. 981. The questions presented by this motion are whether we have power to modify our judgment after the term has passed; and whether, if we have such power, it should be exercised. The Supreme Court cases cited by the taxpayer indicate that, in respect to errors of fact which would have been ground for the old writ of error coram nobis, judgments may, on motion, be corrected after the term. Wetmore v. Karrick, 205 U. S. 141, 27 S. Ct. 434, 51 L. Ed. 745; United States v. Mayer, 235 U. S. 55, 35 S. Ct. 16, 59 L. Ed. 129. Assuming without decision that an appellate court can entertain such a writ (a question not free from doubt), and assuming further that the error in our judgment, due to our ignorance of the settlement, is the kind of error which a writ of error coram nobis could have been used to correct (a matter also not free from doubt), it is clear that the motion should not be granted, because of the petitioner's failure to bring the

facts more promptly to our attention. The writ would not lie if the party seeking the remedy had been negligent in not presenting the facts at the former trial. See Bronson v. Schulten, 104 U. S. 410, 417, 26 L. Ed. 797; Dobbs v. State, 63 Kan. 321; Corby v. Buddendorff, 98 Miss. 98, 54 So. 84; Jeude v. Sims, 258 Mo. 26, 166 S. W. 1048; Brandon v. Diggs, 1 Heisk. (48 Tenn.) 472. Even during the term a judgment will not be reopened, if the facts relied on were known or could have been learned by reasonable diligence, in time to present before the judgment was entered. There is no excuse suggested here for not producing this agreement in season.

For this reason, if for no other, the motion should be, and is, denied.