**LEADER CLOTHING COMPANY, Inc.,** Appellant and Cross-Appellee,

v.

**The FIDELITY AND CASUALTY COMPANY OF NEW YORK,** Appellee and Cross-Appellant.

Nos. 5180, 5181.

United States Court of Appeals Tenth Circuit.

Nov. 10, 1955.

Thomas E. Joyce, Kansas City, Kan. (Joseph Cohen, Charles S. Schnider, John E. Shamberg, Joseph P. Jenkins and Norma Braly, Kansas City, Kan., on the brief), for appellant and cross-appellee.

Willard L. Phillips, Kansas City, Kan., Tom J. Stubbs, Kansas City, Mo. (McAnany, Van Cleave & Phillips, Kansas City, Kan., and Stubbs, McKenzie, Williams & Merrick, Kansas City, Mo., on the brief), for appellee and cross-appellant.

Before PHILLIPS, Chief Judge, HUXMAN, Circuit Judge, and SAVAGE, District Judge.

SAVAGE, District Judge.

The Leader Clothing Company, Inc., appellant and cross-appellee, moved to dismiss the cross-appeal of the Fidelity & Casualty Company of New York, appellee and cross-appellant, upon the ground that the casualty company has acquiesced in the judgment appealed from by payment. For reasons hereinafter stated, the motion must be overruled.

The clothing company brought suit in the United States District Court for the District of Kansas on a blanket position bond executed by the casualty company to recover for an alleged inventory shortage resulting from fraud or dishonesty of employees. The claim made by the clothing company was for an amount in excess of $24,000, but after a trial, judgment was entered for the clothing company and against the casualty company in the amount of $10,000. Upon the same day the judgment was entered, the casualty company deposited with the clerk of the court a draft for $10,000 in payment and satisfaction of the judgment. The clothing company declined to accept payment and, being dissatisfied with the amount of the judgment, perfected an appeal to this court. The casualty company thereupon cross-appealed, assigning error by the court in the rendition of the judgment.

It is contended by the clothing company that the deposit made with the court clerk constituted a payment of the judgment, and that the casualty company may not be heard to complain of error in the entry of a judgment which it has voluntarily paid. The casualty company asserts that the deposit of $10,000 with the court clerk was, in effect, an offer of payment in settlement and satisfaction of the judgment which the clothing company rejected by taking an appeal. The casualty company further argues that, even if the deposit made with the court clerk be considered as payment, it is not foreclosed from taking an appeal.

■ It is a settled rule in the federal courts that the payment of a judgment does not bar an appeal therefrom where repayment may be enforced. Cyclopedia of Federal Procedure, 2d Ed., Vol. 10, p. 502, Sec. 5042; Dakota County v. Glidden, 113 U.S. 222, 5 S.Ct. 428, 28 L.Ed. 981; Cramer v. Phoenix Mutual Life Insurance Co., 8 Cir., 91 F.2d 141,

certiorari denied 302 U.S. 739, 58 S.Ct. 141, 82 L.Ed. 571; Chicago Great Western Ry. Co. v. Beecher, 8 Cir., 150 F.2d 394. It is likewise well settled that courts will decide only actual controversies and, where events have occurred which preclude granting effectual relief to an appellant, an appellate court will dismiss the appeal. Mills v. Green, 159 U.S. 651, 16 S.Ct. 132, 40 L.Ed. 293; Dakota County v. Glidden, supra. The payment of a judgment under circumstances where repayment or restitution could not be obtained in event of a reversal bars an appeal. Little v. Bowers, 134 U.S. 547, 10 S.Ct. 620, 33 L.Ed. 1016; Dakota County v. Glidden, supra; And where the order appealed from has been complied with and the controversy is thereby extinguished, the appellate court will not proceed to judgment. American Book Co. v. State of Kansas, 193 U.S. 49, 24 S.Ct. 394, 48 L.Ed. 613.

The clothing company predicates its argument for dismissal of the cross-appeal upon the premise that the deposit made with the court clerk constituted payment of the judgment. It may well be doubted that the judgment has been paid in view of the clothing company's refusal to accept payment. If such payment had been accepted, the judgment would have been satisfied and the clothing company thereby barred from an appeal. But assuming, arguendo, that the payment to the court clerk was a payment of the judgment, it is quite clear that the refusal of the clothing company to accept the tendered payment creates a situation where the casualty company, if the judgment complained of should be reversed, could recover back the payment made. Indeed, counsel for the clothing company conceded at the argument that the casualty company, because of the clothing company's refusal of the proffered payment, would have a right, upon procurement of an appropriate order from the court to withdraw the deposit made with the court clerk.

The motion to dismiss the cross-appeal is overruled.