336 F.2d 142
 Lewis D. SMITH, Administrator of the Estate of William Ryan, Jr., Appellant,
v.
David MARTIN, a Minor, by and through his father and next friend, Joe L. Martin, Appellee.
Lewis D. SMITH, Administrator of the Estate of William Ryan, Jr., Appellant,
v.
Marcella MARTIN, Appellee.
Lewis D. SMITH, Administrator of the Estate of William Ryan, Jr., Appellant,
v.
Douglas MARTIN, a Minor, by and through his father and next friend, Joe L. Martin, Appellee.
Lewis D. SMITH, Administrator of the Estate of William Ryan, Jr., Appellant,
v.
Joe L. MARTIN, Appellee.
 Nos. 7592-7595.
 United States Court of Appeals Tenth Circuit.
 August 20, 1964.
 
 William P. Thompson, Wichita, Kan. (Hershberger, Patterson, Jones & Thompson, Wichita, Kan., on the brief), for appellant.
 Howard Harper, Junction City, Kan., and Harold H. Chase, Salina, Kan. (Harper, Hornbaker, Waters & Abbott, Junction City, Kan., on the brief), for appellees.
 Before BREITENSTEIN, HILL and SETH, Circuit Judges.
 BREITENSTEIN, Circuit Judge.
 
 
 1
 All parties to these appeals have filed motions to dismiss. The appellees say that by payment of part of the judgments the appellant has acquiesced in the judgments and the appeals are moot. The appellant says that by accepting part payment of the judgments the appellees have compromised and settled their claims.
 
 
 2
 Automobiles driven by appellee Joe Martin and William Ryan, Jr., collided in Kansas. Ryan was killed. Appellees-plaintiffs Joe, Marcella, Douglas, and David Martin were injured and sued appellant Smith, the administrator of Ryan's estate. Ryan had insurance with Maryland Casualty Company in the amount of $100,000. Smith, as administrator, admitted liability and the consolidated cases were tried to a jury on the sole question of damages. Judgments were entered on jury verdicts in the following amounts:
 
 
 3
 David Martin ............. $20,000
 Marcella Martin .......... 55,000
 Douglas Martin ........... 7,500
 Joe Martin .............. 160,000
 
 
 4
 Thompson, the attorney for administrator Smith and for Maryland Casualty, sent Harper, one of the attorneys for the appellees-plaintiffs, a letter which Thompson asserts was an offer of settlement. After referring to discussions between them and to the interest of Maryland Casualty in disposing of the cases, Thompson wrote that he had paid the unpaid balance of the policy, $98,887.50, into the registry of the court and that: "If your clients desire to conclude these cases on the basis outlined above please advise me at your earliest convenience." Thompson paid the stated sum to the clerk of the court who issued a receipt to Maryland Casualty. In this receipt, which contained the docket number of each case, the amount of the deposit was stated in a blank following the printed word "Tender." The appellees-plaintiffs filed a motion for payment to them of the deposit. A hearing was held at which Thompson objected to any distribution of the money unless it was taken in satisfaction of the judgments. The appellees-plaintiffs asserted their rights to the deposit because no supersedeas bond had been filed on the appeals and urged that the deposit was made to stop the running of interest. The district court ordered pro rata distribution and payments were made in accordance with that order.
 
 
 5
 The motion of the appellees-plaintiffs to dismiss because acquiescence in a judgment bars an appeal therefrom must be denied. We have twice held, in cases arising from Kansas, that payment of a judgment does not bar an appeal therefrom when repayment may be enforced.[1]
 
 
 6
 The appellant's motion to dismiss presents more difficulty. He argues that the sum paid into the registry of the court as a tender was an offer to dispose of the litigation and that an accord and satisfaction has resulted from the acceptance and retention by the appellees-plaintiffs of the amount paid. We are faced with the fact that the district court made no disposition of this contention. The trial judge treated the payment to the clerk as a voluntary payment of part of the amount due and held that under Rules 73 and 62, F.R.Civ.P., when no supersedeas bond has been filed, the judgment may be enforced against funds in the hands of the clerk. That decision does not meet the point in issue. If the money was paid to compromise the claims under the judgments, a knowing and understanding acceptance would effect a settlement.
 
 
 7
 The difficulty is that on the record presented, we cannot say with assurance what was the intent of Maryland Casualty in making the tender or what was the intent of the appellees-plaintiffs in accepting their pro rata shares of that payment. These issues must be resolved by the trial court. They should have been resolved before the distribution was ordered.
 
 
 8
 If the deposit was not a tender in compromise but was a voluntary and unrestricted payment, the order of distribution was proper. If the deposit was a tender to compromise and settle, the result depends on whether the appellees-plaintiffs knowingly and understandingly accepted it as such. If they did, an accord was reached and the judgments satisfied. If they did not, a fair treatment of the parties requires that the amount distributed be repaid in full to the clerk before other proceedings are had.
 
 
 9
 The cases are severally remanded for further proceedings in accord with the views stated herein.
 
 
 
 Notes:
 
 
 [1]
 Leader Clothing Company v. Fidelity and Casualty Company of New York, 10 Cir., 227 F.2d 574, 575-576; United States v. Featherston, 10 Cir., 325 F.2d 539, 541