Yoshio **UYEDA**, Plaintiff-Appellee,

v.

Jerome H. **BROOKS**, Acting Regional Director, Seventh Region, National Labor Relations Board, Defendant-Appellant.

No. 16498.

United States Court of Appeals
Sixth Circuit.

July 21, 1965.

Arnold Ordman, Gen. Counsel, Dominick L. Manoli, Assoc. Gen. Counsel, Marcel Mallet-Prevost, Asst. Gen. Counsel, Stephen B. Goldberg, Atty., National Labor Relations Board, Washington, D. C., for appellant.

Milton Roberts, Detroit, Mich., for appellee.

Before CECIL, O'SULLIVAN and PHILLIPS, Circuit Judges.

HARRY PHILLIPS, Circuit Judge.

Plaintiff-appellee has filed a motion to dismiss the appeal on the ground that the issues have become moot because defendant-appellant, the Acting Regional Director of the Seventh Region of the National Labor Relations Board, has complied voluntarily with the judgment of the district court.

Mitchiyoshi Uyeda, brother of plaintiff, is engaged in business in Detroit, Michigan, as a sole proprietorship under the name of Udaco Manufacturing Company. Plaintiff has been employed in this business for more than seventeen years as a "set-up man and machine operator."

On November 14, 1963, a consent representation election by secret ballot was conducted under the supervision of the regional director among the seven production and maintenance employees of this firm. The results of the election, as set forth in the Board's tally of ballots, showed that of seven ballots cast five were opened and counted, of which three were cast for representation by the union and two against the representation by the union.

The remaining two ballots, one of which was plaintiff's, were challenged and not opened. The regional director ruled that because of "the flat salary basis of compensation which remains constant notwithstanding the number of hours worked, the close family affinity, including, until recently, collective living arrangements * * *" plaintiff enjoys a special status with the employer and shares "a community of interest with the employer rather than with the rank-and-file work force as a whole" and that plaintiff was not eligible to vote in the election. The regional director thereupon certified the United Steelworkers of America, AFL–CIO, as bargaining representative. The union then made demand that the employer meet with it for the purpose of collective bargaining. Upon refusal of the employer to bargain, the union filed charges with the Board, which thereupon issued a complaint alleging that the employer has committed an unfair labor practice in refusing to bargain.

Plaintiff filed suit in the district court charging that he was within the appropriate collective bargaining unit and was eligible to vote in the representation election; that the regional director had no power to make a determination that plaintiff was ineligible to vote on the stated ground and that his action in doing so was void; and that "plaintiff is entitled to have his ballot opened and counted, and the results of the election determined accordingly." The district court held that the regional director had no power to exclude plaintiff's ballot on the stated ground and entered summary judgment for plaintiff, ordering the regional director to cancel the certification designating the union as collective bargaining representative, to open and count plaintiff's ballot, and to determine and certify the results of the election accordingly.

Pursuant to this order of the court, the regional director revoked the certificate of representation and ordered that plaintiff's ballot be opened and counted. This resulted in three votes for representation by the union and three votes against.[1] The regional director issued a new certification showing that a majority of the valid ballots had not been cast for any labor organization appearing on the ballot and that no such organization is the exclusive representative of all the employees in the unit.

The regional director also filed a timely notice of appeal to this court.

By his motion to dismiss the appeal, plaintiff contends that voluntary compliance with the order of the district court and failure to seek a stay order renders the appeal moot. The regional director contends that the issues presented on the appeal are not moot, because if the district court is reversed, the regional director will be free to cancel the certification issued as a result of the court order and reinstate the designation of representation.

It is readily apparent that this is not a case where a decision by this court on the appeal "cannot affect the rights of the litigants," St. Pierre v. United States, 319 U.S. 41, 42, 63 S.Ct. 910, 911,

---

1. The ruling of the regional director that the seventh vote should be excluded is not at issue in this case.

87 L.Ed. 1199; or where there remain no "actual matters in controversy essential to the decision of the particular case" before us. Local No. 8–6, Oil, Chemical and Atomic Workers International Union, AFL–CIO v. Missouri, 361 U.S. 363, 367, 80 S.Ct. 391, 4 L.Ed.2d 373; United States v. Alaska S. S. Co., 253 U.S. 113, 115–116, 40 S.Ct. 448, 64 L.Ed. 808.

 "An appeal is not moot if the controversy has not ceased to exist." 13 Cyclopedia of Federal Practice, § 63.90 at 808 (3rd ed. 1952); cf. Liner v. Jafco Inc., 375 U.S. 301, 84 S.Ct. 391, 11 L.Ed. 2d 347; Pacific Coast Ass'n of Pulp and Paper Manufacturers v. National Labor Relations Board, 304 F.2d 760, 765 (C.A. 9); State of Utah v. United States, 286 F.2d 30 (C.A.10), cert. denied, 366 U.S. 918, 81 S.Ct. 1093, 6 L.Ed.2d 240; Leader Clothing Co v. Fidelity & Casualty Co., 227 F.2d 574 (C.A.10). Thus a defeated party's compliance with a district court ruling does not bar him from appealing unless his compliance has made it impossible for the appellate court to grant effective relief. This is true even if the defeated party has failed to avail himself of an opportunity to obtain a stay of the proceedings or a supersedeas. See Dakota County v. Glidden, 113 U.S. 222, 5 S.Ct. 428, 28 L.Ed. 981; Annotation, 39 A.L.R.2d 153.

We hold that the cases relied upon by plaintiff, such as Mills v. Green, 159 U.S. 651, 16 S.Ct. 132, 40 L.Ed. 293, and Meyers v. Chessman, 174 F. 783 (C.A.6) are not controlling. These cases stand for the proposition that a case becomes moot and appeal is precluded when an event occurs which renders it impossible for the appellate court "to grant * * * any effectual relief whatever," 159 U.S. at 653, 16 S.Ct. at p. 133; or, as this court has stated, an appeal should be dismissed where there is "no practical method of undoing that which has been done." 174 F. at 786.

 We hold that the decision of the regional director to comply with the order of the district court pending appeal has not rendered the issues moot and has not deprived the regional director of his right to appeal. Compliance with the order of the district court has not rendered it impossible for this court to grant effective relief.

The motion to dismiss the appeal is overruled.