**VALMONT INDUSTRIES, INC., et al.,**
**Plaintiffs,**

**v.**

**YUMA MANUFACTURING COMPANY,**
**Inc., Defendant.**

**VALMONT INDUSTRIES, INC., et al.,**
**Plaintiffs,**

**v.**

**ENRESCO, INC., Defendant.**

**Civ. A. Nos. 67–C–136, 67–C–331.**

United States District Court,
D. Colorado.

July 31, 1970.

Dawson, Nagel, Sherman & Howard, by Michael A. Williams, Denver, Colo., McGrath, North, Nelson, Shkolnick & Dwyer, by John E. North, and Henderson & Strom, by H. Robert Henderson, Omaha, Neb., for plaintiffs.

Naylor & Neal, by James M. Naylor, San Francisco, Cal., and Spurgeon, Aman & Hanes, by Richard W. Hanes, Colorado Springs, Colo., for defendants.

## MEMORANDUM OPINION AND ORDER

WILLIAM E. DOYLE, District Judge.

The defendants herein have filed a motion "for relief from the final judgment." It states that it is filed pursuant to Rule 60(b), the newly discovered evidence provision. The evidence which is cited as the basis for the motion is a certain German patent No. 324,113 called the Zeyssolff patent, which was issued August 19, 1920. It is said that the patent was of such significance that the Court would have reached an opposite result at the trial, that is, would have found that the Zeyssolff patent anticipated the Zybach patent. The request is that this Court's judgment of

April 4, 1969, adjudging claims 8, 9, 10 and 13 of the Zybach patent valid and infringed be set aside and that the Court should now adjudge the said claims invalid and not infringed. Thus, the request is not for a new trial, but is in effect for a summary judgment setting aside the old judgment and substituting a new one based upon the newly discovered evidence.

This suit was originally instituted July 13, 1967.[1] Subsequently, the case was extensively pretried and the parties conducted intensive discovery, and, finally, on September 16, 1968, the trial commenced and continued for seven trial days. At its conclusion on September 25, 1968, oral findings of fact in favor of the plaintiffs upholding the validity of the patent and concluding infringement were issued from the bench.

Thereafter, a formal judgment was entered on November 22, 1968, decreeing validity, infringement, entitlement of the plaintiffs to damages and injunction against further infringement. Defendants appealed this judgment notwithstanding that the questions of amount of judgment and patent misuse prior to a particular date were reserved.

Subsequently, the case was set down for hearing on the damage question. This was ultimately conducted, and on April 10 a judgment on this was entered. Previously, however, on November 22, 1968, a judgment was entered resolving all the issues for plaintiffs and against the defendants. Defendants were permanently enjoined from infringing in the future. At this time the matter of amount of the money judgment was reserved for further hearing, as was the question as to the right to royalties in view of alleged patent misuse by the plaintiffs.

Concededly, the plaintiffs had purged themselves as of a particular date in that they had renounced the agreement complained of. Resolution of this question in favor of the defendants would not have affected the judgment of validity and infringement; its sole consequence would have been to diminish the money judgment. Nor would it have any affect on the writ of injunction.

The defendants apparently considered the November 22, 1968 judgment final because they filed a notice of appeal from this judgment. When the money judgment was entered on April 10, they again filed a notice of appeal. Whether or not the November 22, 1968 judgment was final is of some importance here because of the time limitation. If it was indeed an appealable judgment, the defendants are out of time because Rule 60(b) provides that the motion seeking relief from a judgment shall be made "not more than one year after the judgment, order, or proceeding was entered or taken." This is then one of defendants' problems.

Rule 60(b) (2) authorizes the Court to relieve a party from a final judgment on the basis of "newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b)." This requirement points up another difficulty faced by defendants which is whether the proffered evidence qualifies as newly discovered, that is, whether the 1920 German patent should have been discovered by the exercise of due diligence.

Another problem which confronts the defendants here is that of a compromise agreement which was reached while the appeal was pending. The compromise involved installment payments of the money judgment and also provided for the dismissal of the appeals. Further, the plaintiffs undertook to refrain from executing on the judgment while the agreement was in effect.

Even if the evidence presented can be considered newly discovered, and if the

---

1. On August 25, 1967, this case (No. 67–C–331) was consolidated with civil action No. 67–C–136 which had been instituted on March 23, 1967.

defendants are not out of time and the judgment is not merged in the compromise agreement, an additional question is presented as to whether the German patent does indeed anticipate the patent in suit.

One other fact is noteworthy. Defendants filed a similar motion on April 23, 1969. This motion sought to set aside the judgment and to obtain a new trial on the basis that the plaintiffs' invention was known and used by others, and, therefore, had been anticipated to such a degree that the plaintiffs' patent was invalid. They tendered on this occasion pictures and documents to show that a Kansas device, which was in use prior to the issuance of plaintiffs' patent, had anticipated the Zybach patent.

The settlement agreement referred to above was entered into by the parties in the face of appeals and the mentioned motion for a new trial (which we are not here concerned with) was either abandoned or merged in the compromise. Moreover, it was filed after the defendants filed a notice of appeal. It is not to be confused with the present motion based on the German patent. The motion must be denied for several reasons.

## I

■■■ First, the defendants are out of time because the judgment which decreed validity and infringement and which enjoined the defendants was entered into one year prior to the filing of the instant motion. In our opinion this was a final appealable judgment even though the matter of assessment of damages remained. To be sure, the Court of Appeals could have postponed a decision on this phase of the case until money judgment was entered, but this fact does not detract from the finality and appealability of the judgment which was entered. Rule 62 of the Rules of Civil Procedure recognizes that a judgment granting an injunction is appealable. The basis for the injunction here is, of course, the determination of the

validity of the patent and the adjudication of infringement, and so the very issue which the defendants seek to retry now was indeed finally determined on November 22, 1968. It was in a form which the defendants regarded then as appealable and which we now consider to have been final and appealable. Accordingly, the present effort cannot be entertained since the one year requirement is mandatory.

## II

■■■ Secondly, the present motion cannot be entertained because of the compromise agreement. We must conclude that the judgment merged in this compromise agreement and is not subject to attack so long as the agreement is in effect. It is true that under its terms the plaintiff has an option to accelerate the amounts and execute on the judgment should the defendants violate the provisions of the compromise. It does not appear, however, that they have elected to take any such action. Hence, as we view it, the judgment cannot now be set aside.

An early Supreme Court case, that of County of Dakota v. Glidden, 113 U.S. 222, 5 S.Ct. 428, 28 L.Ed. 981 (1885), considered a similar question. There, the right of a party to appeal a judgment which had been the subject of a compromise agreement was before the Court. It was held that there could be no appeal under these circumstances because the compromise was substituted for the judgment so that there was no judgment to appeal. The Supreme Court noted that a judgment debtor can pay off the judgment, prosecute an appeal and if he ultimately prevails, recover back the money paid. However, the Court went on to say that this is quite different in effect from a compromise agreement. As to a compromise it was said:

> But what was done was a very different thing from that. A new agreement, on sufficient consideration, was

made, by which the judgment itself, the coupons on which it was recovered, and the bonds of which these coupons were a part, were all surrendered and destroyed, and other bonds and other coupons were accepted in their place, payable at a more distant date and with a lower rate of interest, with the effect of extinguishing the judgment now sought to be reversed, so that the plaintiff in that judgment could not issue execution on it, though there is no *supersedeas* bond to secure its payment. It is a valid compromise and settlement of a much larger claim, but it includes this judgment necessarily. It *extinguishes* the cause of action in this case. If valid, it is a bar to any prosecution of the suit in the circuit court, though we should reverse this judgment on the record as it stands for errors which may be found in it. To examine these errors and reverse the judgment is a fruitless proceeding, because when the plaintiff has secured his object the relation of the parties is unchanged, and must stand or fall on the terms of the compromise. 113 U.S. at 224–225, 5 S.Ct. at 429.

A more recent case dealing with this subject from the Tenth Circuit is Eagle Oil Co. v. Sinclair Prairie Oil Co., 105 F.2d 710 (10th Cir. 1939). This involved a compromise agreement which dismissed appeals and also settled another lawsuit. Here again, in an opinion by Judge Phillips, concurred in by Circuit Judges Bratton and Williams, it was said:

> "The effect of the compromise agreement was to extinguish the asserted causes of action and the decree and to fix the rights, titles, and interests of the respective parties in accordance with its provisions. 105 F. 2d at 713.

Similarly, in the case at bar the compromise agreement superseded the judg-ment and so long as that agreement subsists, the judgment is merged in it. Consequently, it is not subject to being opened and the present motion cannot be maintained.

## III

Third, we conclude that the defendants have failed to meet the requirements for relief set forth in Rule 60(b) (2). Newly discovered evidence constitutes grounds for relief under the Rule only if such evidence could not have been discovered by due diligence in time to move for a new trial under Rule 59(b).[2]

One reason for our conclusion that a search of foreign patents ought to have been made is that the device in question has a universal appeal. We noted in our oral findings, for example, that man has from very early times sought to develop a mobile irrigating system or mechanism. Why, then, should diligent search not include a survey of the foreign patent field and why, particularly, should not German patents be considered since the technological aptitude of the Germans is well recognized. We are of the opinion that diligent search required this effort, especially since it would not, as shown by plaintiffs' documents, entail excessive burden. We also conclude that diligent search would have discovered the patent.

Moreover, some pretrial search was conducted by attorneys for defendant in the very classification where it was found. The affidavit of Mr. Tew, submitted by plaintiffs, establishes that the Zeyssolff patent, German patent 324,113, was classified in Class 239, foreign subclass 177 of the Patent Office index. According to papers submitted by defendants, some search was conducted of both foreign and domestic patents in this very category. No reason is appar-

---

2. A motion for new trial under Rule 59(b) must be served no later than ten days after entry of the judgment.

ent as to why Zeyssolff eluded this scrutiny.

Finally, we are of the opinion that the evidence shows that the existence of this patent was discovered as a result of ordinary, reasonable search.

The due diligence requirement of Rule 60(b) has not been met.

### IV

Anything that we might say about the merits of this motion would be dicta because of our holding that the defendants are barred on procedural grounds.

Because of the fatal procedural deficiencies we must deny the motion and as we view the matter, a discussion of the anticipation issue would not be proper.

For the reasons set forth above, the motion of defendants is denied.