**Dolly B. TRAUNER, Estate of Lawrence M. Trauner (Deceased), and Canine Eye Registration Foundation, Inc., Plaintiffs,**

v.

**D.A. RICKARDS, Paul V. Belkin and John S. Sleasman, Defendants.**

**No. C–84–6009 SAW.**

United States District Court, N.D. California.

Oct. 31, 1988.

establishes, under the doctrine of collateral estoppel, the issues of damages for malicious prosecution, and liability and damages for negligent infliction of emotional distress against defendants D.A. Rickards, Paul V. Belkin and John S. Sleasman in the instant case.

Defendants, on the other hand, move to dismiss this action on the ground that plaintiffs have entered into identical agreements (hereinafter the Agreements) with each of the defendants that settle all the claims against defendants, and thereby render this action moot.

As will appear, the Court concludes that defendants motion to dismiss must be granted. The Agreements having released defendants from any liability for the claims in this action, no "case or controversy" remains and this Court is without subject matter jurisdiction to reach the merits.

Although the burden of demonstrating mootness is a heavy one, nevertheless, in this case the defendants have met that burden. *County of Los Angeles v. Davis*, 440 U.S. 625, 631, 99 S.Ct. 1379, 1383, 59 L.Ed.2d 642 (1979).

█ A case becomes moot when "the issues are no longer live because one party is no longer concerned with the outcome." *Walker v. Huston*, 689 F.2d 901, 902 (9th Cir.1982); *see Murphy v. Hunt*, 455 U.S. 478, 481, 102 S.Ct. 1181, 1183, 71 L.Ed.2d 353 (1982). Federal courts lack jurisdiction to decide moot cases because their constitutional authority extends only to actual cases or controversies. *Iron Arrow Honor Society v. Heckler*, 464 U.S. 67, 104 S.Ct. 373, 78 L.Ed.2d 58 (1983). Where the question sought to be adjudicated has been rendered moot by events subsequent to the filing of a complaint, no justiciable controversy is presented, and a federal court can grant no effective relief. *Aguirre v. S.S. Sohio Intrepid*, 801 F.2d 1185 (9th Cir. 1986); *Canez v. Guerrero*, 707 F.2d 443 (9th Cir.1983).

█ The settlement of a dispute between two parties may render moot a case between them growing out of that dispute. Such a settlement extinguishes the cause of action in the case before the court. *Lake Coal Co. v. Roberts & Schaefer Co.*,

Forrest Hainline, Swidler & Berlin, Washington, D.C., for plaintiffs.

R.S. Cathcart, Michael Hardiman, Bledsoe, Cathcart, Leahy, Starr & Hardiman, San Francisco, Cal., for defendants.

## MEMORANDUM AND ORDER

WEIGEL, District Judge.

Plaintiffs Dolly B. Trauner, Estate of Lawrence M. Trauner (Deceased), and Canine Eye Registration Foundation, Inc. (CERF) move for summary judgment on all remaining issues in this case. Plaintiffs contend that this Court's Partial Final Judgment of September 14, 1988, in *D.A. Rickards, et al. v. CERF, et al.*, C–79–3053 SAW (Magistrate Langford), conclusively

474 U.S. 120, 106 S.Ct. 553, 88 L.Ed.2d 418 (1985) (per curiam); *Dakota County v. Glidden,* 113 U.S. 222, 225–226, 5 S.Ct. 428, 429–430, 28 L.Ed. 981 (1884); *Douglas v. Donovan,* 704 F.2d 1276, 1278–1279 (D.C. Cir.1983); *ITT Rayonier Inc. v. U.S.,* 651 F.2d 343, 345 (5th Cir.1981).

In the instant case, plaintiffs have entered into Agreements with each of the defendants, in exchange for certain consideration, which relieve defendants of any personal liability on the claims for which plaintiffs now seek judgment. The Agreements, by releasing the defendants from any liability, have rendered moot the claims before the Court, and prevent the Court from granting plaintiffs any effective relief.

In the Agreements, the defendants agreed, inter alia, to stipulate to a judgment for damages against them for certain remaining counterclaims of abuse of process and interference with business relationships in *D.A. Rickards, et al. v. CERF, et al.,* C–79–3053 SAW. Agreements at 9–10, ¶ 3(h). A request for a stipulated judgment was filed by plaintiffs, and on September 14, 1988, this Court entered a partial final judgment against defendants.[1]

The Agreements also state—in parts relevant to the disposition of this action—that plaintiffs retain the right to litigate against the defendants "the issues of damages for malicious prosecution and liability and damages for the negligent infliction of emotional distress" in C–84–6009 SAW. Agreements at 4, ¶ 1. However, plaintiffs also agree to release defendants from any personal exposure arising from "any action on any other claims arising out of the transactions or occurrences that are the subject matter of actions No. C–70–3053 SAW or No. C–84–6009 SAW...." Agreements at ¶ 2.

Because the Agreements between plaintiffs and defendants completely release the defendants of any liability for the claims before the Court, this case must be dismissed. Defendants will owe plaintiffs nothing, even if judgment is entered in plaintiffs' favor. In a real sense then, plaintiffs have nothing to gain from defendants. Plaintiffs can hope to recover only by proceeding against defendants' insurance carrier(s).

Furthermore, because defendants no longer have a stake in this case, no real controversy exists between the parties. The remaining conflict touches on the interests of a third party, the insurance carrier(s), whose rights would be seriously affected if the claims before the Court are decided in favor of plaintiffs. *See Flast v. Cohen,* 392 U.S. 83, 88 S.Ct. 1942, 20 L.Ed.2d 947 (1968).

Plaintiffs contend, however, that this Court must retain jurisdiction because plaintiffs have been paid nothing and the Court still must determine how much is owed to plaintiffs by the defendants for the claims of malicious prosecution and negligent infliction of emotional distress. Apparently, plaintiffs would like to obtain a judgment determining such amounts so that it can proceed against defendants' insurance carrier(s).

A similar situation was presented in *McCune v. F. Alioto Fish Co.,* 597 F.2d 1244 (9th Cir.1979), a case cited by both parties. In *McCune,* the United States Court of Appeals for the Ninth Circuit held that a settlement agreement between the parties, in an action to recover damages for injuries to plaintiff, rendered the plaintiff's complaint moot. "The concrete controversy between McCune and Alioto—whether Alioto owed McCune any money and, if so,

---

**1.** The partial final judgment provides in relevant part as follows:

Final judgment shall be entered jointly against Counterdefendants D.A. Rickards, Paul V. Belkin and John S. Sleasman in the total amount of $2,450,000, as follows:

1. Shock to Dolly B. Trauner's nervous system and emotional distress in the amount of $700,000;

2. Lawrence M. Trauner's wrongful death proximately caused by shock to his nervous

system and emotional distress aggravating his preexisting poor health in the amount of $1,000,000;

3. Damages to compensate CERF for the value of lost research in the amount of $500,000;

4. Damages to reputation and standing in the community in the amounts of:

a. Dolly B. Trauner, $100,000;

b. Lawrence M. Trauner, $100,000;

c. CERF, $50,000.

how much—was thus eliminated by the [settlement] ... Agreement." *Id.,* at 1248. The court of appeals found that the plaintiff did not stand to gain or lose from pursuing his claim against the defendant, and thus decided there was no case or controversy between the parties. *Id.*

The court of appeals also noted that there was no failure of consideration or mutual mistake in the settlement agreement, and both parties were represented by counsel throughout their negotiations. *Id.* at 1248, n. 2.

Both plaintiffs and defendants have been represented by counsel throughout these proceedings. Furthermore, there is no problem of consideration in this case. To summarize the key terms of the Agreements, defendants are released from personal liability for damages arising from any claims in C–79–3053 SAW and C–84–6009 SAW in consideration for: (1) stipulating to a judgment for damages in C–79–3053 SAW, (2) agreeing to cooperate in any action and to assign and transfer any claims and causes of action that the defendants may have against their insurance carrier(s), and (3) agreeing to pay to Mrs. Dolly B. Trauner any payment received by defendants in an action against their insurance carrier(s) for defendants' own emotional distress and punitive damages (arising out of the failure or refusal of defendants' insurance carrier(s) to accept plaintiffs' offers to settle within the insurance carrier(s)' policy limits). The Agreements entered into by plaintiffs with each of the defendants thus provide consideration for each side in the settlement of this dispute.[2]

Accordingly, having heard and considered the arguments of counsel, and being fully advised,

THE COURT HEREBY ORDERS,

Plaintiffs' motion for summary judgment is denied. Defendants motion is granted and this case is DISMISSED.

---

**2.** In this action, plaintiffs received consideration in the form of exactly what they bargained for:

any rights which defendants may possess against defendants' insurance carriers.