United States Court of Appeals,

Eleventh Circuit.

No. 95-2138.

In re INFANT FORMULA ANTITRUST LITIGATION, MDL 878;  Fleming Companies, Inc.;  State of Louisiana, Plaintiffs-Appellants,

v.

ABBOTT LABORATORIES, Defendant-Appellee.

Dec. 20, 1995.

Appeal from the United States District Court for the Northern District of Florida. No. 91-MDL-878), Maurice Mitchell Paul, Chief Judge.

Before EDMONDSON, DUBINA and BARKETT, Circuit Judges.

PER CURIAM:

This is an appeal by class plaintiffs ("Appellants") of an order denying their motion for a preliminary and permanent injunction against Locator of Missing Heirs, Inc. ("Appellee"), a non-party to the pending Antitrust action brought by Appellants against several manufacturers of infant formula.  The district court denied Appellants' motion for lack of subject matter jurisdiction.  We affirm.

Appellants say the district court has subject matter jurisdiction over this matter involving a non-party under either Federal Rule of Civil Procedure 23(d) or the All Writs Act, 28 U.S.C. § 1651.[*]  The district court's conclusion that it lacked subject matter is a question of law reviewed *de novo*. *Sea Vessel,*

---

[*]Appellants propose the All Writs Act as a basis for subject matter jurisdiction for the first time on appeal.  Appellants never raised this issue at trial and are foreclosed from raising it now. *Singleton v. Wulff,* 428 U.S. 106, 119-121, 96 S.Ct. 2868, 2877, 49 L.Ed.2d 826 (1976); *Federal Deposit Ins. Corp. v. Verex Assurance, Inc.,* 3 F.3d 391, 395 (11th Cir.1993).

*Inc. v. Reyes,* 23 F.3d 345 (11th Cir.1994).

The Federal Rules of Civil Procedure do not create federal jurisdiction, *see Owen Equipment & Erection Co. v. Kroger,* 437 U.S. 365, 368–370 & n. 7, 98 S.Ct. 2396, 2400 & n. 7, 57 L.Ed.2d 274 (1978). Rule 23(d) is only a procedural law; it is not a grant of subject matter jurisdiction. The district court lacked subject matter jurisdiction over this matter.

AFFIRMED.