**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**July 3, 2008**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

AMICORP INCORPORATED,

        Plaintiff-Appellee,

v.

GENERAL STEEL DOMESTIC
SALES, LLC, d/b/a General Steel
Corporation,

        Defendant-Appellant.

No. 07-1416
(D.C. No. 1:07-cv-1105-LTB-BNB)
(D. Colo.)

---

**ORDER AND JUDGMENT**[*]

---

Before **KELLY**, **McKAY**, and **BRISCOE**, Circuit Judges.

---

General Steel Domestic Sales, d/b/a General Steel Corporation (General

Steel) appeals from the district court's order: (1) confirming in part[1] an arbitral

award in favor of Amicorp, Inc. (Amicorp); (2) denying General Steel's petition

---

[*]    After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[1]    The district court did not award Amicorp attorney's fees, as requested.

to vacate the arbitrator's award; and (3) denying General Steel's related motion for discovery. We affirm.

## BACKGROUND

The parties selected the arbitrator, Edwin S. Kahn of the American Arbitration Association (AAA), to arbitrate their dispute related to General Steel's sale of a steel building to Amicorp. Arbitrator Kahn ruled in Amicorp's favor and awarded it damages against General Steel.

In his decision in favor of Amicorp, Arbitrator Kahn relied extensively on a prior order entered by Judge R. Brooke Jackson, *State ex rel. Salazar v. Gen. Steel Domestic Sales, LLC*, No. 04-CV-143 (Colo. Dist. Ct. Jeff. County Dec. 7, 2004). *See* Aplt. App., Vol. II at 67-108. In that order, Judge Jackson found that General Steel had made misrepresentations to consumers in violation of the Colorado Consumer Protection Act, Colo. Rev. Stat. §§ 6-1-101 to 115.

After Arbitrator Kahn entered his award against General Steel, General Steel hired a private investigator to look into Arbitrator Kahn's connections with Judge Jackson. Based on the investigator's findings, General Steel unsuccessfully sought to vacate Arbitrator Kahn's award through a motion filed with the AAA. It then filed the petition to vacate in this case.

General Steel contends that the arbitration award should be vacated rather than confirmed, because Arbitrator Kahn failed to disclose, at any time before or during the arbitration, that both he and Judge Jackson: (1) graduated from

-2-

Harvard Law School; (2) are members of the Harvard Law School Association of Colorado; (3) were employed by the Denver law firm of Holland & Hart, LLP during the years 1972 to 1978; and (4) received awards from Holland & Hart on June 11, 2004–in Judge Jackson's case, a lifetime achievement award, and in Arbitrator Kahn's case, designation as "pro bono attorney of the year." General Steel avers that it would never have selected as an arbitrator someone who disclosed that he had any sort of close social or business relationship with its "nemesis," Judge Jackson. Aplt. App., Vol. II at 132-33 (quotation omitted) (motion to recuse Judge Jackson in Colorado district court case). *See* Aplt. Opening Br. at 23.

The district court denied the petition to vacate, ruling that Arbitrator Kahn's purported failure to disclose his alleged ties to Judge Jackson did not rise to the level of "evident partiality" that would require vacation of the award. *See* 9 U.S.C. § 10(a)(2) (setting forth standard for vacating arbitral award on basis of bias). The district court also denied General Steel's request that discovery be ordered so that General Steel could further explore the relationship between Arbitrator Kahn and Judge Jackson, characterizing this request as a "fishing expedition." Aplt. App., Vol. IV at 1119.

On appeal, General Steel argues that the district court: (1) erred in applying an "actual bias" standard instead of an "appearance of bias" standard; and (2) should have found that an "appearance of bias" existed by taking into

-3-

account General Steel's subjective impressions of the bias created by Arbitrator Kahn's relationship to Judge Jackson.

## ANALYSIS

### 1. Mootness

Amicorp contends that General Steel's appeal is moot. General Steel initially sought a stay of the district court's judgment confirming the award and attempted to post a supersedeas bond in connection with its appeal. After Amicorp noticed a deposition of General Steel's president pursuant to Fed. R. Civ. P. 69(a)(2), however, General Steel paid the judgment and Amicorp entered a satisfaction of judgment.

Payment of the judgment under these circumstances did not moot General Steel's appeal:

> The usual rule in the federal courts is that payment of a judgment does not foreclose an appeal. Unless there is some contemporaneous agreement not to appeal, implicit in a compromise of the claim after judgment, and so long as upon reversal, restitution can be enforced, payment of the judgment does not make the controversy moot.

*Milicevic v. Fletcher Jones Imports, Ltd.*, 402 F.3d 912, 915 (9th Cir. 2005) (quotation omitted). *See also Hill v. Whitlock Oil Servs., Inc.*, 450 F.2d 170, 172 (10th Cir. 1971); *Leader Clothing Co. v. Fidelity & Cas. Co. of N.Y.*, 227 F.2d 574, 576 (10th Cir. 1955). There is no evidence here of a settlement or of an agreement not to appeal. The district court entered judgment against General Steel, and General Steel satisfied the judgment. Aplt. App., Vol. IV at 1125,

1170.  Amicorp fails to show that if the award of money damages were reversed, it could not be ordered to restore the funds to General Steel.  The appeal is therefore not moot, and we proceed to the merits.

## 2.  Merits

When a district court confirms an arbitration award, we review its legal conclusions de novo and its factual findings for clear error.  *Dominion Video Satellite, Inc. v. EchoStar Satellite L.L.C.*, 430 F.3d 1269, 1275 (10th Cir. 2005).  The same standard applies to its decision concerning a motion to vacate the award.  *See Bowen v. Amoco Pipeline Co.*, 254 F.3d 925, 931 (10th Cir. 2001).  Having carefully reviewed the district court's decision, the briefs on appeal, and the record, we AFFIRM the challenged decisions of the district court for substantially the same reasons articulated in its order of September 27, 2007.

Entered for the Court


Monroe G. McKay
Circuit Judge