[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

Nos. 08-13724 & 08-14716

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JULY 21, 2009
THOMAS K. KAHN
CLERK

D.C. Docket No. 06-01752-CV-2-WMA

E. A. RENFROE & COMPANY, INC.,

Plaintiff-Appellee,

versus

CORI RIGSBY MORAN, et al.,

Defendants,

RICHARD F. SCRUGGS,
THE SCRUGGS LAW FIRM, P.A.,

Non-Party-Appellants.

_____

Appeals from the United States District Court
for the Northern District of Alabama

_____

(July 21, 2009)

Before DUBINA, Chief Judge, EDMONDSON and HILL, Circuit Judges.

PER CURIAM:

Richard F. Scruggs and The Scruggs Law Firm, P.A. ("Scruggs") appeal the district court's order imposing compensatory sanctions for civil contempt. Scruggs claims that he is not subject to the jurisdiction of the district court in this case, and urges us to vacate the civil contempt order and award of monetary sanctions.

## I.

Cori Rigsby and Kerri Rigsby worked for E.A. Renfroe & Company ("Renfroe"), a firm that performs claims-adjusting services for State Farm Insurance Company ("State Farm"). In early 2006, the Rigsbys approached attorney Richard F. Scruggs with documents they had obtained from the Renfroe firm that allegedly showed that State Farm was fraudulently denying coverage to its insureds in the wake of Hurricane Katrina. In late 2006, Renfroe filed the action, *E.A. Renfroe & Company, Inc. v. Cori Rigsby and Kerri Rigsby*, Civ. Action No. 06-AR-1752-S, demanding the return of the documents ("the Renfroe case"). Scruggs was not and has never been a party to that case, nor has he

2

represented any party in that case.

In December of 2006, the district court in the *Renfroe* case issued a preliminary mandatory injunction ordering the Rigsbys to return the documents to the Renfroe firm. It is undisputed that, at the time the injunction issued, the Rigsbys did not possess copies of the documents.

Scruggs learned of the injunction on Friday, December 8, 2006. Shortly thereafter, Mississippi Attorney General Jim Hood requested that Scruggs send Hood the set of the State Farm documents Scruggs had obtained from the Rigsbys to avoid disclosure to Renfroe. On December 12, 2006, Scruggs sent Hood his set of the Rigsbys' documents.

On June 15, 2007, the district court entered an order in which it found that the Rigsbys did not have possession of the documents at the time the injunction issued, leading it to conclude that they were not guilty of violating the injunction. The court, however, found that Scruggs had shown a "brazen disregard of the court's preliminary injunction" by delivering his copy of the documents to Attorney General Hood, and that such conduct "is precisely the type of conduct that criminal contempt sanctions were designed to address." The district court announced in the same order that "the court will formally request that an attorney for the government prosecute Scruggs [for criminal] contempt for his delivery of

the documents to Hood."

After review, the United States Attorney for the Northern District of Alabama declined to prosecute Scruggs, so, pursuant to Rule 42, Fed. R. Crim. P., the district court appointed special prosecutors, recused itself from further proceedings and the prosecution went forward. By order dated February 29, 2008, the district court appointed to conduct Scruggs' criminal proceedings dismissed the charges, holding, *inter alia*, that the *Renfroe* district court did not have jurisdiction over Scruggs to hold him in contempt.

Subsequently, by order dated June 5, 2008, the *Renfroe* court decided that it did have jurisdiction over Scruggs and adjudicated both the Rigsbys and Scruggs in civil contempt for their failure to "comply immediately and fully [with the injunction]."[1] It is this order that we review now.[2]

---

[1] In its June 15, 2007, order, the district court held that it had jurisdiction over Scruggs because he was "an attorney" for the Rigsbys, although Scruggs was never the attorney of record for the Rigsbys in the *Renfroe* case. In its June 5, 2008, order, the court asserted its jurisdiction over Scruggs on a theory of aiding and abetting.

[2] The district court certified its June 5, 2008, order for interlocutory review, stating that it was "not otherwise appealable." This prompted Scruggs to file in this court not only an appeal styled *In re Richard Scruggs and the Scruggs Law Firm, P.A.*, Case No. 08-13724, but also a Petition to Appeal Pursuant to 28 U.S.C. § 1292(b), which this court granted by order dated August 21, 2008. Pursuant to this permission, Scruggs filed an interlocutory appeal in the *Renfroe* case, [Appellate] Case No. 08-14716. These cases were consolidated by this court and we asked the parties to brief the issue of whether the district court's contempt order was final and appealable. Having now determined that it was because "an adjudication of civil contempt is final and appealable as to a non-party who would be unable to appeal from the final decision on the merits [of the Renfroe case]," we dismiss as improvidently granted the interlocutory appeal,

II.

Scruggs claims that the judgment of contempt must be vacated because the district court did not have jurisdiction over him and, therefore, the court had no authority to enter the judgment. We agree.

The undisputed facts are that Scruggs was not a party to the *Renfroe* lawsuit. Nor was he an attorney-of-record, nor did he make any appearance in, the *Renfroe* case. Since it is axiomatic that courts may only enjoin parties before the court, unless Scruggs falls within one of the narrowly-defined exceptions to this axiom, he was not bound by the *Renfroe* injunction. *See Scott v. Donald*,165 U.S. 107, 117 (1897); *Infant Formula Antitrust Litigation, MDL 878 v. Abbott Laboratories*, 72 F.3d 842, 842-43 (11th Cir. 1995). "Courts of equity have long observed the general rule that a court may not enter an injunction against a person who has not been made a party to the case before it." *Additive Controls & Measurement Systems, Inc. v. Flowdata, Inc.*, 96 F.3d 1390, 1394 (Fed. Cir. 1996).

---

Case No. 08-14716. *See Southern Ry. Co. v. Langham*, 403 F.2d 119, 124 (5th Cir. 1968).
    Renfroe's suggestion of mootness by virtue of Scruggs' satisfaction of the June 5, 2008, contempt judgment is unavailing. *See County of Dakota v. Glidden*, 113 U.S. 222, 224-25 (1885); *Graddick v. Newman*, 453 U.S. 928, 945 n.1 (1981) (Rehnquist, J., concurring). The satisfaction of a joint and several liability does not moot the appeal of the debtor satisfying the judgment. *See United States v. Balint*, 201 F.3d 928 (7th Cir. 2000) (citing *Corley v. Rosewood Care Center, Inc.*, 142 F.3d 1041, 1058 (7th Cir. 1998)) ("Payment of the sanction does not moot the appeal because the appellate court can fashion effective relief to the appellant by ordering that the sum paid in satisfaction of the sanction be returned"). *See also Union of Prof's Airmen v. Alaska Aeronautical Indus., Inc.*, 625 F.2d 881, 883 (9th Cir. 1980).

If the district court was without the authority to enjoin Scruggs, it was without the authority to hold him in contempt. The Supreme Court has long held that in contempt proceedings, "the Judiciary is sanctioning conduct that violates specific duties imposed by the court itself, arising directly from the parties' participation in judicial proceedings." *Young v. United States ex rel. Vuitton et Fils S.A.*, 481 U.S. 787, 800 (1987). Therefore, "[a] court's authority is inherently limited . . . by the nature of the judicial power, for the court has jurisdiction in a contempt proceeding only over those particular persons whose legal obligations result from their earlier participation in proceedings before the court." *Id.* at 800 n.10. As Scruggs was not a party to the *Renfroe* litigation, he was not subject to its injunction and the district court was without the authority to hold him in contempt for violating it, unless there is some exception applicable to this case.

The most prominent exception to this rule is found in the common law doctrine "that defendants may not nullify a decree by carrying out prohibited acts through aiders and abettors, although they were not parties to the original proceeding." *See Regal Knitwear Co. v. NLRB*, 324 U.S. 9, 14 (1945). Rule 65(d) of the Federal Rules of Civil Procedure codifies this rule by making clear that an injunction is binding upon "the parties to the action, their officers, agents, servants, employees, and attorneys, and upon those persons in active concert or

6

participation with them." *Id.* at 13-14.

The "aider and abettor" exception to the general rule prohibiting binding non-parties to an injunction is well-established. *Id. See also United States v. Barnette*, 129 F.3d 1179, 1185 n. 10 (11th Cir. 1997). It is this exception that the district court concluded applied to Scruggs, subjecting him to the injunction's mandate and authorizing the district court to penalize him for its violation.

Although we understand the district court's reasoning, we are compelled to disagree with its conclusion. Based upon our review of the district court's two contempt orders in this case, we conclude that Scruggs was not shown to have been an aider or abettor of the Rigsbys. Therefore, he is not subject to the jurisdiction of the district court nor its judgment of civil contempt.

First, it is clear from the earlier June 15, 2007, order that the district court found as a matter of fact that the Rigsbys did not have possession of the documents at the time their return to Renfroe was mandated. The district court stated:

> But the fact remains that the Rigsbys themselves did not have possession of the documents on or after December 8, 2006, and this should preclude a jury finding that they knowingly or willfully violated the terms of the preliminary injunction.

> Furthermore, in the June 5, 2008, order, the court found that the Rigsbys –

7

who "still had some stolen materials in their possession [at the time the injunction issued] . . . quickly endeavored, if not with complete dedication or success, to comply with the clear mandate of the injunction." Their lawyer "promptly asked Scruggs to honor the injunction by returning the stolen materials, and he instructed the Rigsbys to deliver to Renfroe's counsel all materials in their actual possession." Thus, the district court itself found that the Rigsbys did not have the documents at the time the injunction issued, and asked Scruggs to comply with the injunction and return his copy.

Second, the district court held in its June 15, 2007, order that it was Scruggs who violated the injunction by giving his copy of the documents to Attorney General Hood. The district court made perfectly clear in this order that it considered Scruggs the principal in the injunction's violation, referring him to the United States Attorney for prosecution for criminal contempt. The district court said of the Rigsbys:

> They could be in criminal contempt only if held vicariously liable as agents or confederates of Scruggs. They certainly were not the brains of the injunction-avoidance schemes. After they gave the documents to Scruggs *they were, in effect, controlled by him.* (emphasis added)

Thus, the district court found as a matter of fact in its June 15 order that Scruggs acted independently and on his own in delivering the documents to Attorney

8

General Hood.[3]  It concluded that the Rigsbys "were not as clever as Scruggs was."  They, unlike Scruggs, "quickly endeavored . . . to comply with the clear mandate of the injunction."

The law is clear that a court may not enforce an injunction against a nonparty "who act[s] independently" of the enjoined party.  *Regal Knitwear Co.*, 324 U.S. at 13.  "A nonparty who has acted independently of the enjoined defendant will not be bound by the injunction."  *Microsystems Software, Inc. Scandinavia Online AB*, 226 F.3d 35, 43 (1st Cir. 2000).  Such independent conduct by the non-party, as found by the district court to have occurred in this case, does not constitute "aiding and abetting."  Since Scruggs did not aid and abet the bound parties in the *Renfroe* lawsuit in a violation of the district court's injunction, he is not subject to the contempt jurisdiction of the district court.[4]

Finally, in the interests of fairness to both the district court and Scruggs we shall exercise our supervisory powers to direct that all remaining issues pertaining to Scruggs in the *Renfroe* case should be assigned to a different district court

---

[3]Indeed, the Rigsbys primary alleged contempt as detailed in the subsequent June 5th order consisted of their failure to adequately demand return of the documents from Scruggs, an act he could not possibly have aided and abetted.

[4]Nor do we find any merit in the Renfroe's theory that Scruggs fell within the district court's contempt jurisdiction because he represented the Rigsbys in related matters before other courts.

judge.

Accordingly, for the foregoing reasons, the judgment of contempt against Scruggs is hereby

VACATED and REMANDED for further proceedings.